COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia

JONATHAN BRITTLE

v.      Record No. 0824-08-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
AUGUST 11, 2009

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

S. Jane Chittom, Appellate Defender (Office of the Appellate
Defender, on briefs), for appellant.

John W. Blanton, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


On November 8, 2007, Jonathan Brittle was convicted of petit larceny, third offense in

violation of Code §§ 18.2-103 and 18.2-104.  On appeal, Brittle argues that two of the three prior

conviction orders admitted by the Commonwealth are insufficient to prove that he had been

convicted of those offenses and, therefore, the trial court erred in convicting him of petit larceny,

third offense.  Brittle also argues that the trial court erred in using the two prior convictions in

determining his sentence.  Because Brittle's questions presented are procedurally defaulted, we

affirm his conviction.

I. BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth,

the prevailing party below, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

(2003), and we grant to that party all fair inferences flowing therefrom.  Coleman v.

Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

On August 24, 2007, Brittle was caught stealing two packs of steaks valued at $28.64 from the Farm Fresh Supermarket in Portsmouth, Virginia. Officer Hendrik of the Portsmouth Police Department, who arrested Brittle at the store, discovered that Brittle had been convicted of petit larceny on at least two prior occasions. Thus, Brittle was charged with a felony, petit larceny, third offense.

At trial, the Commonwealth admitted, without objection by the defense, three certified copies of conviction orders from the General District Court for the City of Chesapeake. One conviction occurred in 2005, and the other two occurred in 1997. The latest conviction order was dated May 13, 2005 and charged Brittle with petit larceny second offense. The warrant stated that "[t]he accused has been convicted one time previously of larceny offenses or offenses deemed or punishable as larceny." The trial judge checked the box indicating that Brittle pleaded guilty and was found guilty as charged of second offense petit larceny for stealing merchandise from K-Mart on April 7, 2005. He was sentenced to twelve months in jail with six months suspended and one year of probation.

The two 1997 conviction orders were deficient for several reasons. On the September 4, 1997 conviction order, the checkmarks indicating Brittle's plea and the trial court's finding are unclear because the photocopy is skewed and incomplete. Moreover, the portion of the document where the trial judge's signature would normally appear was not copied. The order, however, does purport to sentence Brittle to ninety days in jail with eighty days suspended and a fine of two hundred dollars for stealing two women's handbags from K-Mart on August 3, 1997. On the August 26, 1997 conviction order, neither the box for Brittle's plea nor the trial court's finding are checked. Despite these omissions, the trial court sentenced Brittle to thirty days in jail with twenty-four suspended and a two hundred and fifty dollar fine for stealing fishing reels from Wal-Mart on July 20, 1997.

After the Commonwealth presented its evidence, Brittle moved to strike the evidence, but made no argument regarding why the evidence was insufficient or what element of the offense the Commonwealth failed to prove. The trial court overruled his motion. Brittle did not offer any evidence on his behalf and renewed his motion to strike, again without making any argument as to why the evidence was insufficient. The trial court, again, disagreed and found Brittle guilty as charged and set a date for sentencing. Brittle never raised the legal deficiencies in the two 1997 conviction orders at the trial court and did not object to their inclusion in the pre-sentence report.

## II. ANALYSIS

Brittle argues that the trial court erred in relying on the two 1997 prior conviction orders because they did not establish that he was convicted of larceny or larceny-related crimes.[1] Essentially, he argues that the evidence was, therefore, insufficient to support his conviction for third offense, petit larceny. When considering the sufficiency of the evidence, we will only reverse when the trial court's judgment was plainly wrong or without evidence to support it. Code § 8.01-680. Brittle concedes that he failed to preserve these issues for appeal by contemporaneously objecting at the trial level, but he asks us to disregard his failure and consider the issues under the ends of justice exception to Rule 5A:18.

We note at the outset that our analysis of the issue in this case is not whether the trial court erred in admitting the orders in the first instance. Nor is the issue whether the evidence was sufficient to prove that Brittle had twice been convicted of petit larceny. It is clear that neither an unsigned order from a court not of record, Mwangi v. Commonwealth, 277 Va. 393, 672 S.E.2d 888 (2009); Moreau v. Fuller, 276 Va. 127, 661 S.E.2d 841 (2008), nor an order that does not state a finding of guilt, McBride v. Commonwealth, 24 Va. App. 30, 480 S.E.2d 126

---

[1] Brittle does not challenge his 2005 conviction for petit larceny, second offense.

(1997), are sufficient to prove a prior conviction. However, because Brittle failed to object to the admissibility of the orders, and because he failed to make a motion to strike the evidence for lack of proof of prior convictions,[2] the trial court never had the opportunity to address the issues. Thus, our analysis is quite different from that in Mwangi, Moreau, and McBride. Simply put, the issue before us is whether to apply the ends of justice exception to Rule 5A:18 and excuse Brittle's failure to object.

Rule 5A:18 is clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Indeed, "[i]n order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). If a party fails to timely and specifically object, he waives his argument on appeal. Arrington v. Commonwealth, 53 Va. App. 635, 674 S.E.2d 554 (2009).

However, Rule 5A:18 permits us to overlook the appellant's failure to preserve the issue and consider the merits of his argument for the first time on appeal if the ends of justice so demand.[3] Nonetheless, our Rule 5A:18 jurisprudence confirms that "[t]he 'ends of justice' exception . . . is 'narrow and is to be used sparingly.'" Pearce v. Commonwealth, 53 Va. App. 113, 123, 669 S.E.2d 384, 390 (2008) (quoting Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*)). This high standard is essential to buttress the

---

[2] When Brittle made his motion to strike and when he renewed his motion to strike, he made no argument as to why the evidence was insufficient. Therefore, while Brittle made a timely sufficiency objection, he did not state the grounds for his objection with specificity as required by Rule 5A:18.

[3] Brittle does not argue that he has shown good cause for his failure to object so we do not consider that aspect of Rule 5A:18.

principle that "a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2004) (citing Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977)).

Our Supreme Court has limited the "'[a]pplication of the ends of justice exception [to cases where] the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)). The language used by our Supreme Court indicates that there are two distinct requirements that Brittle must meet before we can apply the ends of justice exception: (1) that the trial court erred, and (2) that a grave or manifest injustice will occur or the appellant will be denied essential rights.

The distinction between the two requirements is inherently logical because, for example, if every trial court error also constitutes a grave or manifest injustice or denial of essential rights, then the rule requiring a contemporaneous objection or a motion to strike is swallowed by this exception. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Indeed, if that were the case, every issue would be subject to appellate review regardless of whether the issue was properly preserved. Therefore, lest the rule become meaningless, waiver is a necessary consequence of trial counsel's failure to specifically and timely object. To hold otherwise "would undermine the trial court's ability to correct errors in the trial court and thereby frustrate the ends of justice, not prevent a miscarriage of justice." Id. Moreover, such an expansion of the manifest injustice requirement "would . . . encourage trial counsel to stand mute . . . thereby knowingly inviting the trial judge to commit error without having a sufficient opportunity to rule upon the issue." Id.

The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant. We have previously held that the

> appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . In order to show that a miscarriage of justice has occurred, . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 273. "This requires a defendant to affirmatively show [that] . . . that the error [was] clear, substantial and material." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (internal citation and quotation marks omitted). Therefore, when an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient. See Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991) (holding that a manifest injustice occurred because the jury was not properly instructed on the elements of the offense *and* the Commonwealth failed to prove the omitted element); Michaels v. Commonwealth, 32 Va. App. 601, 608, 529 S.E.2d 822, 826 (2000) (stating that the ends of justice standard requires more than a bare assertion "that the Commonwealth failed to prove an element of the offense"). We cannot consider the merits of every improperly preserved sufficiency of the evidence appeal unless there is some reason beyond mere insufficiency that invokes the ends of justice exception. Redman, 25 Va. App. at 221, 487 S.E.2d at 272. Any other rule would obliterate our rules requiring a motion to strike.

Brittle cites to both Jimenez and Michaels for support for the proposition that the failure to prove an element of the crime constitutes a manifest injustice. However, in both cases, the Court relied on more than a simple failure to prove an element of the offense.

In Jimenez, our Supreme Court applied the ends of justice exception because "the granted [jury] instruction omitted some essential elements of the offense. [In addition] no evidence was

produced relating to those elements. Jimenez, therefore, was convicted of a non-offense." 241 Va. at 251, 402 S.E.2d at 681. There, the fact that the Commonwealth failed to prove an element was not the only reason why the ends of justice exception applied. That error was a result of the erroneous jury instruction that omitted essential elements of the offense.

In its analysis, our Supreme Court cited Ball v. Commonwealth, 221 Va. 754, 273 S.E.2d 790 (1981); Bryant v. Commonwealth, 216 Va. 390, 219 S.E.2d 669 (1975); and Whaley v. Commonwealth, 214 Va. 353, 200 S.E.2d 556 (1973), to support its application of the ends of justice exception. All three cases centered on either an erroneous jury instruction or the trial judge's refusal to give a proper jury instruction. Ball, 221 Va. at 758-59, 273 S.E.2d at 793; Bryant, 216 Va. at 393, 219 S.E.2d at 671-72; Whaley, 214 Va. at 355-56, 200 S.E.2d at 558. While a sufficiency of the evidence issue was present in all four cases, the manifest injustice was that the jury was improperly instructed, as a matter of law, and, therefore, the defendant never had a chance to rely on a properly instructed jury to establish his innocence. That is why our Supreme Court said that Jimenez was convicted of a non-offense: the jury instruction only informed the jury of the first three elements of the offense and omitted the fourth. Even if the Commonwealth proved those three elements beyond a reasonable doubt, it would not have proved that Jimenez committed a crime. The trial court's error was compounded by the Commonwealth's failure to prove the fourth element. The combination of the bad jury instruction and the failure to prove the omitted element satisfied the ends of justice standard.

In Michaels, the appellant was summarily convicted of contempt of court in violation of Code § 18.2-456(5) for failing to transport an inmate to a mental hospital for an inpatient psychological evaluation. 32 Va. App. at 603, 529 S.E.2d at 823. The trial court's continuance order implied that the inmate was supposed to go to a mental hospital for a psychological evaluation, but never directed anyone to take him there. The trial court issued an order to show

cause to Deputy Michaels to explain why he did not transport the inmate to the mental hospital. The testimony at the show cause hearing demonstrated that Michaels was never ordered to transport the inmate anywhere and that, in fact, he never transported the inmate anywhere.

This Court reiterated the requirement of Redman that the appellant "'must demonstrate more than that the Commonwealth *failed* to prove an element of the offense.'" 32 Va. App. at 608, 529 S.E.2d at 826 (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272-73). Indeed, as in Jimenez, Michaels demonstrated that, while he did exactly what he was accused of doing, his conduct was not a crime. The trial court erred by finding Michaels guilty beyond a reasonable doubt, but that was not our Court's reason for applying the ends of justice exception. The reason, rather, was that, as a matter of law, Michaels' conduct was not and could not be criminal.

The non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis. It is clear from our jurisprudence that factual impossibility is not a defense to a crime, but legal impossibility is. Hix v. Commonwealth, 270 Va. 335, 344, 619 S.E.2d 80, 85 (2005). "'Legal impossibility occurs when a defendant's actions, even if fully carried out exactly as he intends, would not constitute a crime.'" Id. at 342, 619 S.E.2d at 84 (quoting Parham v. Commonwealth, 2 Va. App. 633, 636, 347 S.E.2d 172, 173-74 (1986)). While Michaels was couched in a sufficiency analysis, the manifest injustice resulted because the crime was legally impossible to commit. In other words, it is legally impossible to disobey an order from the court when that order does not exist. To convict a person of a crime that is legally impossible to commit is essentially the same as convicting a person of a non-offense. To do so would constitute a manifest injustice.

In summary, both Michaels and Jimenez confirm that "[i]n examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or

lack of a criminal offense." Tooke v. Commonwealth, 47 Va. App. 759, 765, 627 S.E.2d 533, 536 (2006) (citing Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004), rev'd on other grounds, 269 Va. 209, 608 S.E.2d 907 (2005)). If the record contains affirmative evidence of innocence, or a lack of a criminal offense, we can conclude that a manifest injustice has occurred, and we can apply the ends of justice exception.

Here, Brittle claims that convicting him of a felony when the evidence was insufficient to prove two prior convictions constitutes a "manifest injustice." Brittle does not challenge the fact that he walked into Farm Fresh Supermarket in Portsmouth, Virginia and concealed two packs of steaks. Nor does he challenge the validity of the 2005 conviction order that unequivocally states that he pleaded guilty and was found guilty of second offense petit larceny. Rather, his arguments on appeal focus on the two 1997 conviction orders, their legal deficiencies, and the fact that they did not prove what they purported to prove.

Brittle's argument, however, ignores the often repeated principle that he has the burden to "demonstrate *more* than that the Commonwealth failed to prove an element of the offense." Redman, 25 Va. App. at 221, 487 S.E.2d at 272-73 (emphasis added). Our jurisprudence makes clear that "[w]e will not invoke the exception if the record suggests that the Commonwealth merely inadvertently or unknowingly failed to adduce adequate proof of an element of the offense." Id. at 221, 487 S.E.2d at 273. This burden is nothing more than a common sense obligation on the part of the appellant to point us to a particular place in the record that establishes his innocence; that is, that he was convicted of a non-offense or that the record affirmatively establishes that an element of the offense did not occur. Unless the appellant can point to such a place in the record, we are left with no alternative other than to say that there was no miscarriage of justice. Here, Brittle has failed to establish either of the prerequisites to the application of the ends of justice provision of Rule 5A:18.

To start with, Brittle has not affirmatively established that he was convicted of conduct that was not a criminal offense. Petit larceny third offense requires proof that (1) the accused committed petit larceny or a similar offense, and (2) that on two prior occasions, the accused has been convicted of petit larceny or a similar offense. Code § 18.2-104. Brittle does not challenge the fact that he committed the offense of larceny. In addition, he had a 2005 conviction for second offense petit larceny under Code § 18.2-104. When Brittle pleaded guilty to that charge, his plea constituted a judicial admission that he had committed all the elements of that offense. "[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. "Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969). A guilty plea "is an admission . . . of a solemn character . . . . [I]t is competent evidence against him . . . . [I]t is evidence of each and every element needed to constitute the offense admitted as a crime." Bannister v. Mitchell, 127 Va. 578, 583, 104 S.E. 800, 801 (1920). Therefore, Brittle admitted to committing the 2005 larceny, and he admitted that he had previously been convicted of a larceny, or an offense deemed to be larceny.[4] Considering all this, clearly Brittle was not convicted for a non-offense.

---

[4] Brittle cites to Rose v. Commonwealth, 265 Va. 430, 434-35, 578 S.E.2d 758, 761 (2003), for the proposition that the May 13, 2005 order cannot be used to prove both petit larceny offenses. However, we note that in Rose, our Supreme Court only analyzed the sufficiency of the evidence and not the ends of justice exception to the contemporaneous objection rule. There, the Supreme Court held that a court order that purported to declare Rose to be an habitual offender did not actually do so. Therefore, despite the fact that Rose had previously pled guilty to driving after being declared an habitual offender, the deficient order rebutted his judicial admission. Therefore, it held that the Commonwealth's evidence was insufficient to prove Rose's driver's license was suspended. Here, however, there is nothing that establishes that the prior conviction referenced in Brittle's 2005 conviction was one of the two 1997 convictions rather than his 1993 conviction discussed below. Thus, there is nothing in the record to rebut the judicial admission that Brittle had a prior conviction of larceny. Further, the question at this point is not whether the evidence was sufficient. Rather, we must analyze whether a manifest injustice will result from his conviction; that is, we must analyze whether Brittle was convicted of a non-offense or whether there is affirmative evidence disproving an element of the offense.

Furthermore, Brittle has failed to point us to a place in the record that affirmatively establishes that an element of the offense did not occur. Even though the certified copies of the two 1997 general district court orders are insufficient to prove the convictions, they do not affirmatively establish the non-existence of the predicate offenses. While "[i]n a court-not-of-record, a judge's signature *proves* the rendition of a judgment," Mwangi, 277 Va. at 395, 672 S.E.2d at 889, "the absence of such signature does not invalidate the judgment rendered." Rollins v. Bazile, 205 Va. 613, 617-18, 139 S.E.2d 114, 117-18 (1964) (citing Haskins v. Haskins, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947)). Thus, while the orders do not prove the existence of a conviction, neither do they affirmatively establish the corresponding negative—that no conviction occurred.[5]

Moreover, not only does the record fail to affirmatively establish Brittle's lack of two prior convictions of larceny, it affirmatively shows just the opposite. The pre-sentence report, made a part of this record, establishes that on September 27, 1993, Brittle was sentenced for petit larceny by the Virginia Beach General District Court. Thus, this record establishes evidence of two separate prior convictions of larceny, a fact that negates any argument that the element of two prior convictions of petit larceny did not occur.

Because Brittle has failed to prove that the record affirmatively establishes that an element of the offense did not occur or that he was convicted of a non-offense, we hold that no

---

[5] In fact,

> [c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Code § 8.01-428.

manifest injustice has resulted from Brittle's conviction. As a result, we cannot apply the ends of justice exception.

Finally, Brittle argues that the trial court erred in considering the two 1997 petit larceny convictions in sentencing him to five years with three suspended. Brittle never raised this objection at the sentencing hearing. Petit larceny third offense is a Class 6 felony punishable by "a term of imprisonment of not less than one year nor more than five years." Code § 18.2-10; see also Code § 18.2-104. Because the sentence is not excessive on its face, "[w]e perceive no reason to invoke the 'ends of justice' exception." Jefferson v. Commonwealth, 33 Va. App. 230, 239, 532 S.E.2d 899, 903 (2000), aff'd en banc, 35 Va. App. 436; 545 S.E.2d 585 (2001).

### III. CONCLUSION

We conclude that Brittle's failure to object to the introduction of the prior convictions, his failure to challenge the sufficiency of the evidence, and his failure to challenge those prior convictions at sentencing precludes our review of the questions presented. Therefore, we affirm.

Affirmed.