COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Athey
Argued at Lexington, Virginia

**PUBLISHED**

LINDA KAYE NELSON, S/K/A
 LINDA LAY NELSON, S/K/A
 LINDA KAY NELSON

v.     Record No. 0242-19-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
JANUARY 7, 2020

FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Charles L. Ricketts, III, Judge

Stephen B. Geiger, Assistant Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Linda Kaye Nelson appeals her conviction for felony embezzlement, a violation of Code

§ 18.2-111. On appeal, Nelson asserts that the trial court erred in ruling that it did not have

jurisdiction to consider her motions for a new trial and thereby failing to order a new trial.[1] Nelson

further alleges that the trial court erred in preventing allegedly hearsay evidence from being

admitted even though Nelson's counsel withdrew the question before the trial court ruled on the

Commonwealth's motion. Because Nelson's counsel conceded at trial all the issues she now wishes

to raise on appeal, we will not consider them. Accordingly, the decision of the trial court is

affirmed.

---

[1] Nelson filed a post-conviction motion for a new trial alleging that the Commonwealth had failed to disclose exculpatory evidence and that the trial court had erred in refusing to admit several out-of-court statements.

## I. BACKGROUND

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." Vasquez v. Commonwealth, 291 Va. 232, 236 (2016) (quoting Bowman v. Commonwealth, 290 Va. 492, 494 (2015)). "'Viewing the record through this evidentiary prism requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"" Commonwealth v. Perkins, 295 Va. 323, 323-24 (2018) (quoting Vasquez, 291 Va. at 236).

On September 29, 2017, Nelson was convicted in a bench trial of felony embezzlement. The conviction order was entered on October 3, 2017. Nelson's counsel filed a motion to set aside the verdict and grant a new trial on January 19, 2018, on the basis of the court sustaining the Commonwealth's objection to admission of allegedly hearsay statements of the victim saying that the money was a gift. The Commonwealth filed a motion in response, arguing that the trial court lacked jurisdiction to consider Nelson's motion because of Rules 1:1 and 3A:15.[2] Although there is neither a transcript of a hearing on this motion nor a response from Nelson to the Commonwealth's answer in the record before us, the trial court's letter opinion notes that the motion was denied in light of Nelson's counsel's concession that the court lacked jurisdiction to decide the motion. The order signed by the trial court and prepared by the Commonwealth notes that Nelson "conceded on April 17, 2018 that the Court lacks the jurisdiction to grant the relief prayed for." Nelson's counsel signed this order "Seen and agreed."

---

[2] Rule 3A:15 states, "If the jury returns a verdict of guilty, the court may, on motion of the accused made not later than 21 days after entry of a final order, set aside the verdict for error committed during the trial or if the evidence is insufficient as a matter of law to sustain a conviction."

On September 4, 2018, Nelson's counsel filed a motion to vacate the conviction and order a new trial based on an alleged <u>Brady</u> violation. The Commonwealth filed a motion in response, arguing again that the court lacked jurisdiction to rule on the motion because of Rule 1:1—more than twenty-one days had passed after the entry of the conviction order. By order entered on October 11, 2018, the trial court denied Nelson's motion without explanation. Nelson was sentenced to ten years with nine years and six months suspended on December 6, 2018.[3]

## II. ANALYSIS

### A. Rule 1:1

Nelson argues that the trial court erred in denying her motions for lack of jurisdiction. Although this does not end the analysis, we agree.

The question of whether a particular order is a final judgment is a question of law that we review *de novo*. <u>Rusty's Welding Serv., Inc. v. Gibson</u>, 29 Va. App. 119, 127 (1999) (*en banc*).

Rule 1:1 states in part: "All *final* judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." (Emphasis added). The crux of the determination of finality is whether the entire action is disposed of and there is nothing left to be done. As the Supreme Court recently explained,

> Of course, the court retains authority to reconsider its judgment of
> conviction—as it may reconsider any ruling—until twenty-one
> days have elapsed from the entry of the final judgment. Rule 1:1.
> We have held that a sentencing order is the final judgment in a
> criminal case, <u>Burrell v. Commonwealth</u>, 283 Va. 474, 478 (2012),
> so a court's authority to reconsider lasts for twenty-one days after
> it imposes sentence (absent the entry of an order modifying,

---

[3] The sentencing order is signed with the date of entry as December 6, 2019. We infer that this was a scrivener's error and should have said "December 6, 2018" since December 6, 2019 had not yet passed when the record was filed with this Court. The record table of contents indicates the correct date of entry of the final order was December 6, 2018, and the final order should be corrected to reflect that date.

suspending, or vacating the judgment, thereby extending the
period).

Lewis v. Commonwealth, 295 Va. 454, 467 n.3 (2018).  Code § 19.2-307 provides, in pertinent

part:  "The judgment order shall set forth the plea, the verdict or findings and the adjudication

and sentence, whether or not the case was tried by jury, and if not, whether the consent of the

accused was concurred in by the court and the attorney for the Commonwealth."

The October 3rd order that the trial court and both parties considered final in this case

concerned only adjudication and conviction—it outlined the pleas, that the case was tried by the

court without a jury, and the offense for which Nelson was convicted.  The order even notes that

"[t]he probation officer of this Court shall prepare a presentence report returnable to this Court

on 01/11/2018 at 11:00 AM."  Clearly, Nelson had not yet been sentenced and, at the time the

motions were considered, the final order had not yet been entered.

Therefore, the trial court erred in holding that it had no jurisdiction to consider Nelson's

motion because the October 3rd order was not a final order pursuant to Rule 1:1. [4]

### B.  Approbate and Reprobate

Although we hold that the trial court erred in denying Nelson's motions for lack of

jurisdiction, we are nonetheless barred by the approbate and reprobate doctrine from reaching the

merits of her motions.

The Supreme Court has held that "[a] party may not approbate and reprobate by taking

successive positions in the course of litigation that are either inconsistent with each other or

mutually contradictory."  Rowe v. Commonwealth, 277 Va. 495, 502 (2009) (quoting Cangiano

v. LSH Bldg. Co., 271 Va. 171, 181 (2006)).

---

[4] We take the opportunity to address this issue in a published opinion because it appears
this error by the trial court is not unique to this case.  See e.g., Beamon v. Commonwealth, No.
1695-18-1 (Va. Ct. App. Nov. 12, 2019).

> The "doctrine against approbation and reprobation" applies both to assertions of fact and law, Wooten v. Bank of Am., N.A., 290 Va. 306, 310 n.1 (2015), and precludes litigants from "playing fast and loose" with the courts, Wilroy v. Halbleib, 214 Va. 442, 445 (1974) (citation omitted), or "blowing hot and cold" depending on their perceived self-interests, United Va. Bank v. B.F. Saul Real Estate Inv. Tr., 641 F.2d 185, 190 (4th Cir. 1981).

Babcock & Wilcox v. Areva, 292 Va. 165, 204-05 (2016). This is not to be confused with the invited error doctrine. The invited error doctrine allows an appellate court to consider errors of law as waived when a party "attempt[s] to take advantage of the situation created by his own wrong." Cangiano, 271 Va. at 181.

Here, if we were to consider the merits of Nelson's motion, we would be allowing her to approbate and reprobate. Approximately three months after Nelson was convicted, but before she had been sentenced, Nelson's counsel filed a motion for a new trial because of the trial court's suppression of allegedly hearsay evidence. The Commonwealth responded by alleging, albeit incorrectly, that the trial court lacked jurisdiction to consider the motion because more than twenty-one days had passed since Nelson was convicted. Nelson's counsel agreed that the trial court lacked jurisdiction to consider her motion. Further compounding the error, the trial court accepted the parties' position and itself agreed that it was without jurisdiction. Then on September 4, 2018, and still before Nelson was sentenced and a final order entered, Nelson's counsel filed a motion for a new trial based on the late-discovery of allegedly exculpatory evidence. Again, however, Nelson's counsel agreed with the Commonwealth's argument that the trial court lacked jurisdiction to consider the merits of the motion. The trial court again accepted the parties' agreement regarding jurisdiction and denied the motion. Now, on appeal, Nelson takes an inconsistent position than that taken at the trial court—that the trial court erred in finding that it did not have jurisdiction. Therefore, because Nelson's counsel agreed with the Commonwealth that there was no jurisdiction to consider her motions but now seeks a reversal of the trial court's

acceptance of her concession by this Court, she has approbated and reprobated. Nelson took one position and now affirmatively assumes an inconsistent position. See Rowe, 277 Va. at 502. Accordingly, Nelson's position in the trial court below prevents us from considering an opposite position on appeal.

## C. Ends of Justice

Nevertheless, Nelson asks us to apply the "ends of justice" exception found in Rule 5A:18 and consider the merits of her argument.[5] Nelson rightly notes that the "ends of justice" exception is an exception to the contemporaneous objection requirement of Rule 5A:18. However, there is no contemporaneous objection problem in this case. Nelson's arguments are, instead, barred by the approbate and reprobate doctrine, and there is no "ends of justice" exception to the approbate and reprobate doctrine. "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18. The very fact that [Nelson agreed at the trial court that there was no jurisdiction] renders Rule 5A:18's ends-of-justice exception inapplicable." Alford v. Commonwealth, 56 Va. App. 706, 709 (2010). "It can hardly be a 'grave injustice' to a defendant's essential rights, Brittle v. Commonwealth, 54 Va. App. 505, 513 (2009), for a trial court to [make] an agreed-upon [ruling]." Id. Although this case is certainly not a shining example of our adversarial system of justice, we are barred from reaching the merits of Nelson's argument.

## D. Commonwealth's Hearsay Objection

Next, Nelson argues that "[t]he trial court abused its discretion by sustaining the Commonwealth's hearsay objection at trial instead of correctly interpreting the hearsay rule and

---

[5] Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

allowing that evidence to come in." Because Nelson's counsel withdrew the question before the trial court made a ruling on this issue, we will not consider it here.

In order for an alleged error to be considered on appeal, the appellant must "alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Neal v. Commonwealth, 15 Va. App. 416, 422 (1992) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530 (1992)). Appellate courts "will not permit the defendant's counsel to withdraw questions and then, on appeal, assign error to the circuit court's ruling on objections to the questions that he voluntarily withdrew." Lenz v. Commonwealth, 261 Va. 451, 464 (2001).

In this case, defense counsel and a defense witness had the following exchange on direct examination:

> [DEFENSE COUNSEL]: Okay. Did you hear him say anything about that check?
> [COMMONWEALTH ATTORNEY]: Your Honor, I'm going to object. That's trying to get out hearsay, but just not asking for the specific [sic] of it.
> JUDGE: Mr. Tyler.
> [WITNESS]: I heard him say . . .
> JUDGE: Whoa, whoa, ma'am. Hang on. [Defense Counsel].
> [DEFENSE COUNSEL]: I withdraw the question.
> JUDGE: Okay.

Once the Commonwealth objected to Nelson's counsel's question, Nelson's counsel withdrew the question. Nelson's counsel, therefore, did not respond to the Commonwealth's objection and failed to "alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Neal, 15 Va. App. at 422 (quoting Martin, 13 Va. App. at 530). Nelson is "assign[ing] error to the circuit court's ruling on [an] objection[] to [a] question[] that [s]he voluntarily withdrew." Lenz, 261 Va. at 464. Whatever merit Nelson's argument has, we will not address it here because it was not preserved for appellate review.

### III. CONCLUSION

Although the trial court erred in failing to properly apply Rule 1:1 by denying Nelson's motions for lack of jurisdiction, we will not address the merits of Nelson's claims in those motions because Nelson approbated and reprobated.  Further, she has failed to preserve any objection regarding the trial court's evidentiary ruling.  Therefore, the decision of the trial court is affirmed. We remand for the limited purpose of correcting the clerical error referenced in footnote three.

<u>Affirmed and remanded.</u>