COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and White

YOLANDA VELEZ

v.      Record No. 1348-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 29, 2022

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(Craig M. Leisure, on brief), for appellant.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee.


Appellant Yolanda Velez ("Velez") appeals from the judgment of the Circuit Court of

Botetourt County ("trial court") revoking a portion of her previously suspended sentence.  Velez

contends that the trial court abused its discretion by revoking her suspended sentence and imposing

one year and nine months of active incarceration for a probation violation.  She alleges that the trial

court should have considered the violation in light of mitigating evidence she presented at her

revocation hearing.  After examining the briefs and record in this case, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the trial court's judgment.

I. BACKGROUND

In 2015, as part of a written plea agreement, Velez pleaded guilty to distribution of

oxycodone, a Schedule II controlled substance.  In accordance with the plea agreement, the trial

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court sentenced Velez to five years' imprisonment with four years and six months suspended upon the condition of two years of good behavior and supervised probation.

In 2019, the Circuit Court of the City of Salem convicted Velez for distribution of heroin. As a result of her new conviction, the trial court found that Velez violated the terms of her suspended sentence. The trial court revoked Velez's previously suspended sentence, resuspended three years and six months, and ordered her to supervised probation for two years following her release from incarceration.

In January 2021, Velez's probation officer filed a major violation report because Velez had failed to report to her probation officer as instructed. The trial court issued a capias for Velez on February 2, 2021. On March 10, 2021, Velez's probation officer filed an addendum to her report because Velez had absconded from supervision. On August 19, 2021, Velez was arrested for various offenses. On October 25, 2021, and November 1, 2021, the Roanoke County General District Court convicted Velez of driving on a suspended license, operating an unlicensed motor vehicle, operating an uninsured motor vehicle, improper child restraint, failure to yield, and identity theft. Velez's probation officer subsequently filed another addendum advising the trial court of the new convictions.

On November 30, 2021, Velez appeared before the trial court for the revocation hearing. Velez testified that she had lived with her son and her daughter during her probation. Velez had worked at a restaurant and refrained from drug use. Upon her release from incarceration, Velez intended to reside with her son, return to work at the restaurant, and obtain custody of her grandson who was in foster care.

After hearing the evidence and argument, the trial court found that Velez had violated the terms of her suspended sentence. The trial court revoked Velez's previously suspended sentence of three years and six months and resuspended one year and nine months. Velez appeals.

## II. ANALYSIS

### A. *Standard of Review*

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

### B. *The trial court did not abuse its discretion in revoking Velez's suspended sentence because Velez had violated the terms of the suspension.*

Velez argues that the trial court abused its discretion in revoking her previously suspended sentence and resuspending one year and nine months. She acknowledges that the trial court has "wide discretion" to revoke the suspension of a sentence and may do so for any cause it deems sufficient. Velez asserts that the trial court's sentence was an abuse of discretion in light of her employment and living circumstances, her available support from family members, her cessation from drug use, and her goal of obtaining custody of her grandson. We disagree and find that the trial court properly revoked Velez's suspended sentence.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the terms of the revocation statute in effect when this revocation proceeding began, once the trial court found that Velez had violated the terms of the suspension, it was obligated to revoke the suspended sentence and the

"original sentence" was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[1] The

trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry*

*v. Commonwealth*, 39 Va. App. 314, 320 (2002).

The trial court had sufficient cause to revoke the suspended sentence. *See* Code

§ 19.2-306(A), (C) (Cum. Supp. 2020). In considering whether to resuspend some or all of the

revoked sentence, it was within the trial court's purview to weigh any mitigating factors Velez

presented, including any support she received from her family, her cessation from drug use, and

her employment and living circumstances. *Keselica v. Commonwealth*, 34 Va. App. 31, 36

(2000). Balanced against those factors, however, were Velez's past and repeated probation

violations, her instant abscondence from supervised probation, and her new convictions in

Roanoke County.

"The statutes dealing with probation and suspension are remedial and intended to give the

trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of

all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740

(2007). Considering Velez's repeated violations of the conditions of her suspended sentence, the

trial court reasonably could conclude that she had failed to avail herself of the trial court's act of

grace. "When coupled with a suspended sentence, probation represents 'an act of grace on the part

of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'"

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Velez does not argue that the statutory amendment applied in her case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84 & n.4 (2022). Moreover, the record establishes that while the revocation proceedings were pending Velez was convicted of new offenses. The new statutory framework, like the old, grants the trial court discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Spec. Sess. I, ch. 538; Code § 19.2-306.1(B).

*Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Velez failed to make productive use of the grace that had been extended to her repeatedly. Having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion under the circumstances of this case. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face").

### III. CONCLUSION

Upon review, we hold that the sentence imposed represents a proper exercise of the trial court's discretion. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*