COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Humphreys, AtLee and Raphael


KENNETH A. BROWN, SOMETIMES KNOWN AS
  KENNETH A. BROWN, SR.

                                                      MEMORANDUM OPINION[*]
v.        Record No. 0408-22-1                               PER CURIAM
                                                        FEBRUARY 21, 2023
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              Michael A. Gaten, Judge

           (Charles E. Haden, on brief), for appellant.

           (Jason S. Miyares, Attorney General; David A. Mick, Assistant
           Attorney General, on brief), for appellee.


        A jury convicted Kenneth A. Brown of domestic assault and battery and of violating a

protective order.[1]  On appeal, Brown challenges the sufficiency of the evidence to sustain his

convictions.  He argues that he did not commit an assault and battery because he acted in

justifiable self-defense.  And he contends that he did not violate the protective order because he

contacted the victim under an exception to the order's no-contact provision.  Because neither of

Brown's arguments is preserved, we affirm the trial court's judgment.[2]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury acquitted Brown of strangulation and could not reach a unanimous verdict on an additional charge of domestic assault and battery.

[2] After examining the briefs and record in the case, the panel unanimously concludes that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On May 2, 2020, Brown choked his wife, Shenikque Brown, and threw her into a bedroom wall. Shenikque "hardly had any oxygen left," she almost lost consciousness, and the choking caused her to urinate on herself. Four days later, Shenikque angrily confronted Brown after discovering that a "young girl" had contacted him. During an ensuing "physical altercation," Brown repeatedly punched Shenikque's face, tore her hair, and "picked [her] up" and "dumped" her on her head. She called the police the next day and obtained medical treatment for bruising to her head, arms, legs, and nose. Later that month, Shenikque obtained a preliminary protective order against Brown. The order prohibited Brown from "contact of any kind" with Shenikque, except "as is required for [him] to retrieve his property from the home as that contact is agreed to through [her] attorney and [his guardian ad litem]." In June 2020— knowing that the protective order was in place—Brown called Shenikque.

The Commonwealth charged Brown with strangulation, two counts of domestic assault and battery, and violation of a protective order. In the jury trial that followed, Shenikque admitted that she had hit Brown two or three times during the "physical altercation" and could not recall whether she had struck him first. At the close of the Commonwealth's case-in-chief, Brown moved "to strike for insufficiency of the evidence." He argued that "especially for the strangulation charge . . . the Commonwealth ha[d] not proven damage or harm" to Shenikque.

He emphasized that Shenikque did not lose consciousness and that "a number of other things" could have caused her to urinate on herself. The trial court denied the motion.

Brown then testified that Shenikque had "put[] her hands on [him]" and that he "pushed her" to defend himself. At the close of evidence, Brown renewed his motion to strike "for insufficiency of the evidence." He did not explain why the evidence was insufficient and did not mention self-defense. The trial court denied the motion. After argument by counsel, the jury convicted Brown of domestic assault and battery and of violating a protective order. Brown appeals.

## ANALYSIS

Brown challenges the sufficiency of the evidence on two grounds. First, he claims that he "acted in justifiable self-defense" because Shenikque struck him first. Second, Brown claims not to have violated the protective order because he contacted Shenikque to "retrieve his property from [their] marital residence," which he insists was permitted by the no-contact provision. We do not reach the merits of Brown's arguments, however, because he failed to preserve them for appellate review.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

A defendant tried by a jury may preserve his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case (if he elects to not introduce evidence of his own), in a motion to strike at the close of all evidence, or in a motion to set aside the verdict. *Commonwealth v. Bass*, 292 Va. 19, 33 (2016). "[A] challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." *Mounce v. Commonwealth*, 4 Va. App. 433, 435 (1987). "Specificity and timeliness undergird

the contemporaneous-objection rule [and] animate its highly practical purpose . . . ." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). Thus, "[a] general argument or an abstract reference to the law is not sufficient to preserve an issue." *Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) (alteration in original) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc), *aff'd*, No. 040019 (Va. Oct. 15, 2004) (unpublished order)). "In addition, '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" *Id.* (alteration in original) (quoting *Edwards*, 41 Va. App. at 760).

Brown waived his sufficiency arguments by failing to present them to the trial court. In his two motions to strike, Brown did not raise a claim of self-defense or assert that his conduct fell within an exception to the protective order's no-contact provision. Rather, Brown argued in his initial motion to strike only that the evidence was insufficient, "especially for the strangulation charge," because the prosecution failed to prove that Shenikque sustained "harm or damage." Brown's renewed motion to strike did not mention self-defense either. His vague assertion that the evidence was insufficient as a matter of law did not preserve the specific arguments he now raises for the first time on appeal. *Banks*, 67 Va. App. at 285. Though Brown specifically argued that Shenikque's lack of "harm or damage" rendered the evidence insufficient, "[m]aking one specific argument" like that did not preserve his "separate legal point" about self-defense. *Id.* (alteration in original) (quoting *Edwards*, 41 Va. App. at 760). Although he could have preserved this argument by moving to set aside the jury's verdict, he did not do that either. And while he may have argued his self-defense theory to the jury, that does not cure his failure to ask the trial court to grant him judgment as a matter of law. *See Rompalo v. Commonwealth*, 72 Va. App. 147, 156 n.3 (2020) (finding defendant's argument waived when "made to the jury, not the trial court").

- 4 -

Brown urges us to invoke the good-cause and ends-of-justice exceptions to Rule 5A:18 to address his sufficiency arguments. We find that neither exception applies here.

"'Good cause' relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (en banc)). "The Court may only invoke the 'good cause' exception where an appellant did not have the *opportunity* to object to a ruling in the trial court . . . ." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (emphasis added) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)). "[W]hen an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Id.* (quoting *Luck*, 32 Va. App. at 834). Here, the record shows that Brown could have made the arguments he presents on appeal in his motions to strike. He also could have moved to set aside the verdict. Thus, the good-cause exception does not apply because he had ample opportunity to raise the argument below.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (en banc)). Whether to apply it involves two considerations: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Bass*, 292 Va. at 27 (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). These two requirements must remain distinct: "if every trial court error also constitutes a grave or manifest injustice," then the ends-of-justice exception will swallow "the rule requiring a contemporaneous objection." *Brittle v. Commonwealth*, 54 Va. App. 505, 513 (2009). Accordingly, "[t]he burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle*, 54 Va. App. at 514). The appellant "must

affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

Indeed, "[w]hen an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Id.* (quoting *Brittle*, 54 Va. App. at 514). The "appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Redman*, 25 Va. App. at 221. Instead, the appellant must have been "convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* at 222.

Brown does not come close to meeting that heavy burden here. He contends that the evidence could not sustain his domestic assault-and-battery conviction because it failed to disprove that he was acting in self-defense. But that merely invites us to reweigh Shenikque's testimony and conclude that Brown was entitled, as a matter of law, to defend himself from her attacks. His defense for violating the protective order—that he might have lawfully contacted Shenikque to retrieve his property—is likewise insufficient to qualify under the ends-of-justice exception. It is simply another way of arguing "that the Commonwealth *failed* to prove an element . . . of the offense." *Id.* at 221. Brown points to nothing in the record that proves that an element of the offense did not occur or that he was convicted for non-criminal conduct. Thus, he has not "affirmatively show[n] that a miscarriage of justice has occurred." *Id.*

CONCLUSION

Because Brown failed to preserve his arguments in the trial court, Rule 5A:18 precludes us from considering them here.

*Affirmed.*