COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Ortiz, Raphael and White


ANTONIO LACHOY DAWSON

                                            MEMORANDUM OPINION* BY
v.        Record No. 2217-23-1          JUDGE KIMBERLEY SLAYTON WHITE
                                              FEBRUARY 25, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Andrew D. Kubovcik, Judge

(Elena Kagan, Assistant Public Defender; Kelsey Bulger, Deputy
Appellate Counsel; Virginia Indigent Defense Commission, on
briefs), for appellant.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.


The trial court found Antonio Lachoy Dawson in violation of the terms and conditions of his

suspended sentence, revoked his suspended sentence, and ordered him to serve his remaining

one-year and one-month suspended sentence. Dawson argues that the trial court erred in finding

him in violation of the terms of his suspended sentence because his period of suspension had

expired. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). We affirm the judgment of the trial court.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Upon his guilty plea, the trial court convicted Dawson for grand larceny and larceny of property with a value of $200 or more with the intent to sell in violation of Code § 18.2-108.01.[1] By order of December 28, 2011, the trial court sentenced Dawson to a total of five years of imprisonment with four years and seven months suspended.[2] The trial court ordered supervised probation for an indeterminate period and restitution in the amount of $5,324.20.

Dawson began supervised probation on April 15, 2012. By major violation report (MVR) of May 28, 2014, Dawson's probation officer advised that Dawson violated his probation due to his misdemeanor conviction for driving without a license and by failing to make restitution payments. By order of July 23, 2014, the trial court found Dawson in violation of his probation, revoked his four-year and seven-month sentence, and resuspended it upon the same conditions contained in the sentencing order.

In March 2016, the Commonwealth moved for revocation of Dawson's suspended sentence because he had failed to make restitution payments since January 2015. By amended

---

[1] The 2011 sentencing order erroneously reflects a conviction under Code § 18.2-108.1, which governs buying or receiving a stolen firearm rather than larceny with the intent to distribute. But the record indicates that Dawson was indicted for and pleaded guilty to larceny with the intent to distribute rather than receiving a stolen firearm. Thus, we remand the case to the trial court for correction of the scrivener's errors in the sentencing order and in subsequent probation revocation orders to reflect that Dawson's conviction was for violating Code § 18.2-108.01. *See* Code § 8.01-428(B).

[2] When Dawson was convicted in 2011, Code § 18.2-108.01(A) provided that "larceny of property with a value of $200 or more with the intent to sell or distribute" was punishable by incarceration of not less than 2 and no more than 20 years. 2003 Va. Acts ch. 831. Code § 18.2-108.01(A) has since been amended to raise the felony threshold from $200 to the current value of $1,000. 2020 Va. Acts chs. 89, 401 (effective July 1, 2020).

order entered on August 16, 2016, the trial court found Dawson in violation of his suspended sentence, revoked the suspended sentence, and resuspended it.[3]

A February 3, 2017 MVR and a subsequent addendum indicated that Dawson violated his probation due to his convictions for assault and battery, five counts of violating a protective order, stalking, making annoying telephone calls, and driving on a suspended license. Dawson also failed to appear for a scheduled appointment with probation after his release from incarceration. By order of November 20, 2017, the trial court found Dawson in violation of his probation, revoked his suspended sentence, and resuspended three years and seven months, thus imposing a one-year active sentence.

A September 10, 2018 MVR indicated that Dawson had incurred new convictions for eluding the police and providing police with false identification. On June 27, 2019, the trial court found Dawson violated his probation, revoked the suspended sentence, and resuspended all but two years and six months. The trial court ordered that Dawson be of good behavior for two years and to complete two years of probation upon his release from confinement.

By letter of October 11, 2023, the prosecutor notified the trial court that Dawson was released to probation on August 16, 2021. The prosecutor alleged that Dawson was convicted of stalking on November 30, 2022, and ten counts of violating a protective order on August 22, 2023. The trial court issued a capias for Dawson's arrest on October 13, 2023.

At a December 19, 2023 revocation hearing, Dawson told the trial court that he believed he was no longer on probation. The trial court responded that Dawson was charged with violating the good behavior provision of his suspended sentence, not violating probation. Dawson acknowledged his new convictions for stalking and violating a protective order.

---

[3] Initially, the trial court resuspended four years and one month of Dawson's sentence, giving him six months to serve. But the trial court later amended its order and resuspended all of Dawson's remaining suspended sentence.

Defense counsel asked the trial court not to impose the remainder of Dawson's suspended sentence, emphasizing the time he already was serving for his convictions, his satisfaction of the restitution obligation, and the absence of prior violent behavior. Noting that Dawson "continue[d] to reoffend," the trial court revoked Dawson's remaining one-year and one-month suspended sentence and ordered him to serve it. Dawson appeals.

ANALYSIS

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Upon determining that a defendant has violated the terms of his suspended sentence, a trial court may revoke that suspension and "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1."[4] Code § 19.2-306(C).

Dawson contends that the 2019 revocation order imposed a two-year period of suspension and that the period ended on June 27, 2021. He maintains that after June 27, 2021, the trial court had no authority under Code § 19.2-306 to revoke his suspended sentence for conduct that occurred after the period of suspension ended. He claims that because his new convictions occurred after June 27, 2021, they could not serve as cause for revoking his suspended sentence. In addition, Dawson asserts that Code § 19.2-306(B) did not authorize the trial court to conduct a revocation hearing in 2023. *See* Code § 19.2-306(B) (stating that a trial court may not conduct a revocation hearing for a suspended sentence "unless the court issues process to notify the accused or to compel his appearance before the court within 90 days of

---

[4] Dawson does not contend that the trial court imposed a period of active incarceration that violated the limitations of Code § 19.2-306.1, and we do not consider this issue.

- 4 -

receiving notice of the alleged violation or within one year after the expiration of the period of probation or the period of suspension, whichever is sooner . . .”).  Dawson did not raise these issues in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials."  *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

We reject Dawson’s contention that he preserved his arguments for appeal at the revocation hearing by asserting that he was no longer on probation.  "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity."  *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  "Not just any objection will do.  It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it."  *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).  Dawson’s *pro se* statement that he was not on probation did not alert the trial court to the specific legal arguments he now advances on appeal.

Dawson contends that even if he did not preserve his arguments for appellate review, the trial court’s 2023 revocation order was void ab initio because the court had no authority to render it.  "A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all."  *Cisneros v. Commonwealth*, 82 Va. App. 147, 164 (2024) (citing *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024)).  "Unlike void orders, *voidable* orders ‘are actions taken by a court in error but within the bounds of its authority[] . . . [and] usually involve a court’s failure to comply with precedent or an applicable statute.’"  *Id.* (alterations in original)

"[A] void order may be collaterally attacked for the first time on appeal, but challenges to a voidable order must be brought on direct appeal and comply with Rule 5A:18." *Id.*

"[T]he trial court derives its subject matter jurisdiction over suspended sentences exclusively by statute." *Id.* at 165. "Code § 19.2-306 et seq. 'governs trial courts' authority at [subsequent] revocation proceedings.'" *Id.* (alteration in original) (quoting *Barrow v. Commonwealth*, 81 Va. App. 535, 545 n.4 (2024)). In general, "[a] sentencing order revoking a suspended sentence is not void when the trial court 'had jurisdiction over the subject matter and the parties.'" *Id.* at 165 n.20 (alteration in original) (quoting *Wilson v. Commonwealth*, 67 Va. App. 82, 92 (2016)). Because Code § 19.2-306 does not grant "categorical judicial power over criminal cases or their attendant proceedings," it cannot "reasonably be read to strip a trial court of subject matter jurisdiction if the court violates those procedures." *Id.* (quoting *Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019)). "Accordingly, where the trial court has jurisdiction to revoke a suspended sentence under the provisions of Code § 19.2-306, failure to comply with the statutory parameters for reimposing and/or resuspending the original sentence is voidable error that must be preserved in accordance with Rule 5A:18." *Id.* at 168-69. For this reason, we reject Dawson's claim that the 2023 revocation order was void ab initio for violating Code § 19.2-306 and that we should consider his challenges to the order that he raises for the first time on appeal.

Dawson also asks this Court to excuse his failure to preserve his arguments in the trial court under the ends of justice exception to Rule 5A:18. "The ends of justice exception is narrow and is to be used sparingly, and [it] applies only in the extraordinary situation where a miscarriage of justice has occurred." *Pulley v. Commonwealth*, 74 Va. App. 104, 126 (2021) (alteration in original) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). "Th[is] burden of establishing a manifest injustice is a heavy one, and it rests with the appellant."

*Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). It is not enough to simply "show that the Commonwealth *failed* to prove an element or elements of the offense[;] . . . to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (third alteration in original) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

> In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

*Id.* (quoting *Redman*, 25 Va. App. at 221-22).

Dawson asserts that a miscarriage of justice occurred because it is "apparent" from the 2019 revocation order that he was no longer subject to the "good behavior" requirement at the time of the 2023 revocation order. We disagree.

Under the terms of the June 27, 2019 revocation order, Dawson was required to complete two years of probation after his release from incarceration. Dawson did not dispute the Commonwealth's written assertion that the probationary period began on August 16, 2021. Just over a year later, on November 30, 2022, Dawson was convicted for stalking. Under Code § 19.2-306.1(B), because Dawson was convicted of a new offense during the probationary period, the trial court was authorized to revoke his suspended sentence and order him to serve it. We thus find that Dawson has failed to demonstrate a miscarriage of justice, and we decline to consider the merits of his arguments on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment but remand the matter to the trial court for correction of clerical errors in the sentencing and revocation orders, as earlier noted.

*Affirmed and remanded.*