COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


CARLOS LOVOS-RIVAS

                                                        OPINION BY
v.        Record No. 0356-10-2                JUDGE RANDOLPH A. BEALES
                                                        MARCH 29, 2011

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                            David H. Beck, Judge

          Ronald Hur, Assistant Public Defender (Office of the Public
          Defender, on brief), for appellant.

          Robert H. Anderson, III, Senior Assistant Attorney General
          (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
          appellee.


        Carlos Lovos-Rivas (appellant) was convicted of one count of forcible sodomy, in

violation of Code § 18.2-67.1,[1] and one count of aggravated sexual battery, in violation of Code

§ 18.2-67.3.  On appeal, appellant argues that the trial court committed manifest error when it

denied his motion to exclude all but seven of the remaining prospective jurors during *voir dire*.

Disagreeing with appellant's argument, we affirm the convictions for the following reasons.

                                I.  BACKGROUND

        At the outset of *voir dire*, the trial court asked the prospective jurors several questions.

Their responses indicated that they had no personal interest in the trial, that they had obtained no

information about the alleged offenses, that they had not expressed any opinion about appellant's

guilt or innocence, and that they were unaware of any bias they would have toward appellant or

---

[1] The jury acquitted appellant on a second count of forcible sodomy.

the Commonwealth.  The prospective jurors indicated that they understood that appellant was presumed innocent, that appellant did not have to produce any evidence or testify in his own behalf, and that the Commonwealth had to prove appellant's guilt beyond a reasonable doubt. With the exception of one prospective juror, who was excluded from the venire by the trial court, all of the prospective jurors indicated that they knew of no reason why they could not be fair and impartial to the parties or why they could not decide the case based solely on the court's legal instructions and the evidence that would be presented during the trial.

Next, the prosecutor asked whether any of the prospective jurors, or their family members or friends, had been sexually assaulted.  Several of the prospective jurors responded in the affirmative.  These persons were then asked individually whether they could render a fair and impartial verdict in light of their past experiences with sexual assaults.  Some of these prospective jurors said that they could not render a fair and impartial verdict – and, consequently, were stricken for cause – while others indicated that they could be fair and impartial.

Appellant's trial counsel then examined the prospective jurors.  Noting that some of the prospective jurors had children and others had young relatives, defense counsel asked, "[W]ould it be fair to say that if your cousin, child, niece, nephew, came up to you, tugged on your arm, and said that person did something to me, you would automatically believe the child?" According to the trial transcript, "several jurors" answered in the affirmative, while five prospective jurors indicated that they would not "automatically" believe the child.

Rephrasing the question, defense counsel asked, "[I]f an unknown child came to you and said that person did something to me, and that person happens to be an adult, would you be prone to believe that child?"  Again, "several jurors" answered in the affirmative.  One prospective juror responded in the negative.

Defense counsel then asked, "[W]ould you be partial in believing the child and even to the point where if the adult comes up and says it didn't happen that you would not believe the adult?" This question received no response from the prospective jurors.

Finally, defense counsel asked, "Would you believe the child – and this is the unknown child – even in a situation where the adult says it didn't happen?" According to the trial transcript, "several jurors" again responded in the affirmative, while seven prospective jurors responded in the negative – Juror Numbers 36, 14, 20, 1, 8, 11, and 48. Defense counsel asked no more questions on this subject.

At the conclusion of *voir dire*, appellant moved to strike "the entire venire with the exception of" Juror Numbers 36, 14, 20, 1, 8, 11, and 48. Defense counsel explained:

> The specific issue [is] counsel asked the question if your child came up to you and said this, would you believe the child, predominantly all of them answered yes. I asked if an unknown child came up to you and said this happened and the adult later said it did not happen, would you be prone to believe the child, and the answer, again, for the most part was yes. I asked them the followup question of would you be partial to the child, and, again, the answer was yes.
>
> The only ones who answered in the negative were thirty-six, fourteen, twenty, one, eight, forty-eight, and eleven.

The trial court denied appellant's motion, noting that the venire "has stated that it can be fair and impartial, that it clearly stated its understanding that Mr. Lovos-Rivas stands not guilty at this stage of the proceeding, [and] that the Commonwealth carries the burden of proof to prove beyond a reasonable doubt." The trial court found that the venire, as it was constituted at that point in the proceeding, "can indeed be fair and impartial."

## II. ANALYSIS

Appellant argues that the trial court committed reversible error when, near the conclusion of *voir dire*, it denied his motion to strike for cause the vast majority of the remaining

- 3 -

prospective jurors. Appellant contends that these prospective jurors (all but seven of the remaining members of the venire) "disclosed their bias in being partial toward the testimony of a child over that of an adult." Consequently, appellant claims, he was denied his right to a fair and impartial jury. See Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736-37 (1976).

"It is the duty of the trial court, through the legal machinery provided for that purpose, to procure an impartial jury to try every case." Salina v. Commonwealth, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976). Therefore,

> [t]he court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case.

Code § 8.01-358; see Rule 3A:14. If a prospective juror "does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law." Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914).

However, "'[i]t is not uncommon to discover during *voir dire* that prospective jurors have preconceived notions, opinions, or misconceptions about the criminal justice system, criminal trials and procedure, or about the particular case.'" Cressell v. Commonwealth, 32 Va. App. 744, 761, 531 S.E.2d 1, 9 (2000) (quoting Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995)). "The opinion entertained by a juror, which disqualifies him, is an opinion of that *fixed character* which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." Justus v. Commonwealth, 220 Va. 971,

- 4 -

976, 266 S.E.2d 87, 91 (1980) (citation omitted and emphasis added). Thus, "'the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial.'" Cressell, 32 Va. App. at 761, 531 S.E.2d at 9 (quoting Griffin, 19 Va. App. at 621, 454 S.E.2d at 364).

Given that the trial court is "'able to see and hear each member of the venire respond to questions posed'" during *voir dire*, it "'is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath.'" Townsend v. Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005) (quoting Green v. Commonwealth, 262 Va. 105, 115-16, 546 S.E.2d 446, 451 (2001)). Juror impartiality is a question of fact, see Wainwright v. Witt, 469 U.S. 412, 428 (1985), and a trial court's decision to seat a juror is entitled to great deference on appeal, see McGill v. Commonwealth, 10 Va. App. 237, 241, 391 S.E.2d 597, 600 (1990). Accordingly, the decision to retain or exclude a prospective juror "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001).

In determining whether the trial court should have excluded the prospective jurors challenged by appellant, this Court must consider the "'entire *voir dire*, not just isolated portions.'" Juniper v. Commonwealth, 271 Va. 362, 401, 626 S.E.2d 383, 408 (2006) (quoting Jackson v. Commonwealth, 267 Va. 178, 191, 590 S.E.2d 520, 527 (2004)). However, in this case, appellant relies on an isolated portion of *voir dire* in making his argument that the trial court should have excluded all but seven remaining prospective jurors.

During this portion of *voir dire*, defense counsel posed a few questions about the prospective jurors' inclination to believe a child's complaint of sexual abuse. Defense counsel's

final question on this subject asked if the prospective jurors would believe the claim of an "unknown child" even if an adult denied that sexual abuse occurred. Seven prospective jurors responded in the negative to this question. The trial transcript reflects that "several jurors" responded in the affirmative. However, the transcript does not reflect that *all* of the prospective jurors who did not respond in the negative to defense counsel's question *actually* responded in the affirmative to this question. It is certainly possible – and appears likely – that some of the prospective jurors did not respond to this question at all, especially since *none* of the prospective jurors responded to the previous question from defense counsel. Nevertheless, after posing this final question about the "unknown child," defense counsel broadly moved to strike for cause *all* of the prospective jurors (except for the seven prospective jurors who responded in the negative to this question).

Not only does the record fail to establish that *all* of these prospective jurors actually responded in the affirmative to defense counsel's question about an unknown child, but the "several jurors" who did respond in the affirmative were not questioned any further on this subject.[2] Thus, we certainly cannot conclude from this brief and isolated portion of *voir dire* that *any* of these prospective jurors actually held "a preconceived view that is inconsistent with an ability to give [appellant] a fair and impartial trial" in this case. Sizemore v. Commonwealth, 11 Va. App. 208, 211, 397 S.E.2d 408, 410 (1990).

In Mullis v. Commonwealth, 3 Va. App. 564, 351 S.E.2d 919 (1987), this Court addressed a similar situation. There, Mullis's trial counsel asked the following question during *voir dire*: "[I]f a police officer gives some testimony and a private citizen gives testimony that

---

[2] We note that the decision to question prospective jurors individually is within the trial court's discretion. Fisher v. Commonwealth, 236 Va. 403, 410-11, 374 S.E.2d 46, 50 (1988). Here, appellant's counsel never even sought the trial court's permission to question any of the prospective jurors individually.

differs from what the police officer said -- are there any of you who would believe or have a tendency to believe the police officer as opposed to the private citizen? . . . This is if all things are equal." Four of the veniremen answered "yes" or "probably." The trial court denied Mullis's motion to strike these four jurors for cause. Id. at 569-70, 351 S.E.2d at 922-23. On appeal, this Court affirmed that ruling, holding:

> The general abstract question put to the jurors, without more, made it difficult for them to give a meaningful answer and is a poor indication of the manner in which they would serve as jurors and evaluate any particular police testimony. Certainly their responses did not indicate to the trial judge who heard the entire *voir dire* and observed the prospective jurors that they would give unqualified credence to the testimony of a police officer. *At most, their responses indicated that as an abstract proposition they would probably or would have a tendency to give some weight to the fact that a witness was a police officer in resolving credibility issues if all else were equal.*

Id. at 571-72, 351 S.E.2d at 924 (emphasis added); see O'Dell v. Commonwealth, 234 Va. 672, 694, 364 S.E.2d 491, 503 (1988).

As in Mullis, the record here does not establish that the prospective jurors whom appellant sought to exclude held firm opinions of such "fixed character which repel[] the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." Justus, 220 Va. at 976, 266 S.E.2d at 91. At most, "several" prospective jurors in this case, like the jurors in Mullis, expressed agreement with an "abstract proposition" raised by defense counsel.[3] Mullis, 3 Va. App. at 572, 351 S.E.2d at 924. The prospective jurors

---

[3] We observe that the prospective jurors' responses during *voir dire* in this case did not even raise the possibility of jurors giving "unqualified credence to the testimony of a law enforcement officer" and deciding credibility issues "solely on that basis" – which was the issue addressed (and rejected) by this Court in Mullis. 3 Va. App. at 571, 351 S.E.2d at 923. As this Court stated in Mullis, "For a juror to give unqualified credence to the testimony of a law enforcement officer and to decide credibility issues solely on that basis is an impermissible basis for resolving credibility and would constitute bias." Id.; see also Chavez v. United States, 258 F.2d 816, 819 (10th Cir. 1958) ("A defendant cannot be fairly tried by a juror who would be inclined to give unqualified credence to a law enforcement officer simply because he is an

appellant sought to exclude perhaps indicated a tendency to believe an abstract "unknown child,"[4] but the record below simply does not reveal "the nature and strength of the opinion formed" by these prospective jurors. Briley v. Commonwealth, 222 Va. 180, 185, 279 S.E.2d 151, 154 (1981). Because defense counsel did not ask any further questions of the venire as a whole or seek to question the prospective jurors individually, we cannot determine whether *any* of these prospective jurors indicated a "casual impression" or held a "deep and abiding conviction." Hopson v. Commonwealth, 52 Va. App. 144, 152, 662 S.E.2d 88, 93 (2008) (quoting Briley, 222 Va. at 185, 279 S.E.2d at 154). Consequently, the isolated portion of *voir dire* appellant relies upon does not reveal that any of the prospective jurors were unable to decide the facts of this case fairly and impartially.

In addition, considering the entire *voir dire*, not just isolated portions, Juniper, 271 Va. at 401, 626 S.E.2d at 408, we note that the prospective jurors in this case indicated that they had no pre-existing opinions about appellant's guilt or innocence, that they had not obtained any information about the offenses charged against appellant, that they were not biased toward either appellant or the Commonwealth, and that they could give appellant a fair and impartial trial

---

officer."). Unlike in Mullis, therefore, the issue raised on appeal here does not involve the grave concern of jurors allegedly giving unqualified credence to the testimony of a police officer simply because of the officer's official status.

[4] Here, the *voir dire* questions posed by appellant's counsel did not even concern *trial testimony*. Contra Mullis, 3 Va. App. at 569-70, 351 S.E.2d at 922-23 (where the prospective jurors were asked if they would believe a police officer or a private citizen "if a police officer gives some *testimony* and a private citizen gives *testimony* that differs from what the police officer said" (emphasis added)). Appellant's counsel in this case asked the prospective jurors to imagine a child relative "tugg[ing] on your arm" or an unknown child "c[oming] to you" – situations that do not at all concern assessing the credibility of witnesses at a trial. Therefore, the venire's responses to appellant's counsel's questions shed even less light here than in Mullis on the question of whether members of the venire had formed fixed opinions concerning the credibility of trial witnesses that are inappropriate for jurors at a criminal trial.

based on the applicable law and the facts of the case.  See Mullis, 3 Va. App. at 572, 351 S.E.2d at 924 (noting that the prospective jurors in that case made the same assurances).

Observing the venire from its "superior position" for determining the fitness of each prospective juror, Townsend, 270 Va. at 329, 619 S.E.2d at 73, the trial court found that the prospective jurors remaining on the venire at the time of appellant's motion to strike most of those jurors would "indeed be fair and impartial."  This finding is entitled to great deference on appeal.  See McGill, 10 Va. App. at 241, 391 S.E.2d at 600.  Therefore, the trial court's decision to retain the remaining members of the venire – and not just the seven prospective jurors appellant did not seek to exclude – certainly did not amount to manifest error.  See Barrett, 262 Va. at 826, 553 S.E.2d at 732.

### III.  CONCLUSION

The trial court did not commit manifest error when it denied appellant's motion to strike for cause all but seven of the remaining prospective jurors.  Therefore, we will not disturb the trial court's decision on appeal.  Accordingly, for the foregoing reasons, we affirm appellant's convictions for forcible sodomy and aggravated sexual battery.

                                                                                        Affirmed.