COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Malveaux and Causey
Argued at Norfolk, Virginia

BRIAN ROBERT LEWIS

MEMORANDUM OPINION* BY
v.      Record No. 0161-23-1      JUDGE MARY BENNETT MALVEAUX
APRIL 30, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Charles J. Maxfield, Judge Designate

Charles E. Haden for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


A jury convicted Brian Robert Lewis ("appellant") of assault and battery, in violation of

Code § 18.2-57.2, strangulation, in violation of Code § 18.2-51.6, and object sexual penetration, in

violation of Code § 18.2-67.2. Appellant challenges the sufficiency of the evidence supporting all

three convictions. He also contends that the trial court erred by denying his motion to strike a juror

for cause. For the following reasons, we affirm the trial court's judgment.

I. BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

## A. Jury Selection

During voir dire, appellant asked the veniremen if they, or their family members or close personal friends, had been victims of domestic assault. Several potential jurors raised their hands, including juror J.G.[1] Upon further questioning, J.G. stated she had volunteered working with former prostitutes as they were "reintroduced to the world." Appellant then asked the veniremen who had responded affirmatively to his domestic assault question whether their experiences would impact their ability to "sit fairly and impartially, [and] listen to the evidence and render a judgment." All jurors responded in the negative.

Appellant asked the trial court to strike J.G. for cause. He argued that, based on her background and past work, she would not be an "appropriate" juror. The trial court responded that J.G. had not indicated whether her experience with reformed prostitutes "ha[d] been good or bad." It also noted that J.G. had affirmed that her work "would not affect her ability to render a fair verdict." The trial court denied appellant's motion to strike J.G.

## B. Evidence at Trial

At trial, the evidence showed that after spending the weekend together, K.H.[2] and appellant returned to K.H.'s apartment after midnight on April 12, 2021. K.H. and appellant had been drinking "throughout the day." K.H. showered and then, wearing only a robe, emerged from the bathroom to find appellant in his car preparing to leave. Suspecting that he was texting another woman, K.H. approached appellant, seized his phone, and ran back inside her apartment to review

---

[1] We use the juror's initials, rather than her name, to protect her privacy.

[2] We use the victim's initials, rather than her name, to protect her privacy.

appellant's messages. Although K.H. locked the door behind her, she forgot that appellant had a key.

Appellant unlocked the door and pushed his way inside as K.H. attempted to block him. Once inside, appellant and K.H. struggled over his phone and he began to hit her in the head. When K.H.'s robe fell open, appellant grabbed both of her breasts and pulled them. As appellant continued to hit her, K.H. fell to the floor. The phone was pinned beneath K.H.'s stomach, and she still grasped it with her hands. Appellant thrust his fingers into her vagina and slipped his forearm under her neck, "pulling up and choking [her]" so forcefully that she defecated on herself. Unable to breathe or speak, K.H. released appellant's phone. Appellant kicked, spat on, and hit K.H., calling her "a discussing [sic] white bitch." Appellant took K.H.'s phone and left the apartment. K.H. showered again to clean herself off and sat down on her bedroom floor.

Appellant returned and demanded that K.H. give him her cell phone password. K.H. refused, but assured appellant she would not report the incident. Eventually, appellant drove away with K.H.'s phone. K.H. awakened her roommate, Joey Dickey, and called appellant on Dickey's phone. After K.H. promised not to call the police, appellant returned and gave K.H.'s phone to Dickey. When Dickey entered the living room, he noticed bloodstains on the carpet.

After appellant left, K.H. visited her neighbor, Briana Graves. Graves testified that K.H. looked like she got hit by a car and had a black eye, a "busted lip," and bruises all over her body. Graves recorded K.H.'s facial injuries on her phone.

K.H. went to the hospital and called the police on April 13, 2021. Officer Boyer met K.H. at the hospital and noticed that K.H.'s neck was red, scratched, bruised, and swollen. K.H. felt pain while swallowing and was speaking hoarsely. In addition to her neck injuries, K.H. had numerous other obvious injuries including scratches, abrasions, swelling, and bruising. One of her artificial nails was ripped off, and her fingers were swollen. A forensic nurse examined K.H. and

- 3 -

documented 21 injuries across her face, chest, thighs, buttocks, arms, and back. A pelvic examination revealed swelling to K.H.'s labia majora.

The Commonwealth presented a recorded phone conversation in which appellant, referring to K.H.'s having taken his phone, stated that "you going to do what you got to do to get your property back." Appellant also stated that "I put my arm around [K.H.'s] neck and at the same time when I had my arm around her neck, I . . . grabbed her . . . private area . . . and put my finger in it."

Amber Taylor testified on appellant's behalf. Taylor admitted she had met K.H. only "a handful of times," but testified that K.H. had a poor reputation in the community for honesty.

At the conclusion of all the evidence, appellant did not move to strike the evidence. The jury convicted him of assault and battery, strangulation, and object sexual penetration. Appellant did not move to set aside the verdict.

This appeal followed.

## II. ANALYSIS

### A. Juror Bias

Appellant contends that the trial court abused its discretion by denying his motion to strike J.G. for cause because J.G.'s work "as an advocate for victims of domestic violence and sexual assault raised legitimate concerns about her ability to hear the evidence fairly and impartially." We disagree.

"It is well established that 'the right of an accused to trial by "an impartial jury" is a constitutional right, reinforced by legislative mandate and by the Rules of this court.'" *Castillo v. Commonwealth*, 70 Va. App. 394, 422 (2019) (quoting *Justus v. Commonwealth*, 220 Va. 971, 975-76 (1980)). "To qualify as a juror, a prospective juror must 'stand indifferent in the cause.'" *Id.* (quoting Code § 8.01-358). "[T]he test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence

- 4 -

presented at trial." *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 61 (2011) (quoting *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000)). "Juror impartiality is a question of fact, and a trial court's decision to seat a juror is entitled to great deference on appeal." *Id.* (citations omitted). Thus, a trial court's "decision to retain or exclude a prospective juror 'will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion.'" *Id.* at 61 (quoting *Barrett v. Commonwealth*, 262 Va. 823, 826 (2001)). This is "because the trial court was able to see and hear each member of the venire respond to the questions posed," and thus was "in a superior position to determine whether a juror's responses during *voir dire*" support that the juror could carry out their duties. *Thomas v. Commonwealth*, 279 Va. 131, 164 (2010).

In assessing responses during voir dire, the trial court must consider whether the prospective juror "indicate[s] to the court something that 'would prevent or substantially impair the performance of [her] duties as a juror in accordance with [the court's] instructions and [the juror's] oath.'" *Andrews v. Commonwealth*, 280 Va. 231, 256 (2010) (second, third and fourth alterations in original) (quoting *Adams v. Texas*, 448 U.S. 38, 45 (1980)). Virginia has no rule that would disqualify a juror in a sexual assault case based on their previous work experience related to sexual assault. *See Vay v. Commonwealth*, 67 Va. App. 236, 262 (2017) (noting that "[n]othing in Virginia law supports . . . a *per se* disqualification rule" that requires striking a juror in a sexual assault trial based on her years supervising students conducting research on sexual assault, where the juror "consistently maintained, without hesitation or equivocation, that she could and would decide the case solely on the evidence and the instructions of the trial court").

Here, J.G.'s volunteer work assisting reformed prostitutes did not per se disqualify her from serving as a juror in this case and the record does not disclose the specific nature of J.G.'s

volunteer work. Moreover, J.G. confirmed, without any hesitation or equivocation apparent in the record, that her experience would not impact her ability "to sit fairly and impartially, [and] listen to the evidence and render a judgment." Given those circumstances, the trial court did not abuse its discretion by denying the motion to strike J.G. for cause.

B. Sufficiency of the Evidence

Appellant argues that the evidence was insufficient to prove that he committed assault and battery, object sexual penetration, and strangulation.

On brief, appellant offers no authorities or argument in support of his claim that the evidence failed to prove assault and battery. An appellant's brief must contain the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). Thus, under the Rule, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Clark v. Commonwealth*, 78 Va. App. 726, 765 (2023) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017)). Moreover, appellant concedes on brief that the evidence "arguably establishes an assault and battery." We therefore conclude that appellant has waived his sufficiency challenge to his assault and battery conviction and decline to consider that issue.

Appellant acknowledges that his sufficiency challenge to his object sexual penetration and strangulation convictions was not preserved, but urges us to consider those issues under the "good cause" and "ends of justice" exceptions to Rule 5A:18 because "the error is apparent on the record." We disagree.

"One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). Thus, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the

time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

> In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or [in a] motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own.

*Commonwealth v. Bass*, 292 Va. 19, 33 (2016). Where, as here, a defendant did not make the appropriate motion or motions to preserve a sufficiency objection, the good cause exception "may be invoked only when 'an appellant did not have the opportunity to object to a ruling in the trial court.'" *Holman v. Commonwealth*, 77 Va. App. 283, 298 (2023) (quoting *Perry*, 58 Va. App. at 667). "[W]hen an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Miles v. Commonwealth*, 78 Va. App. 73, 84 n.4 (2023) (quoting *Perry*, 58 Va. App. at 667).

Here, the record does not show that appellant lacked opportunity to object to the trial court's ruling. In fact, appellant had two opportunities to preserve his sufficiency argument for appeal: at the conclusion of all the evidence and after the jury announced its verdict. He did not take either opportunity to make the appropriate motion. Accordingly, the good cause exception does not apply.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Bass*, 292 Va. at 27 (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v.*

*Commonwealth*, 54 Va. App. 505, 514 (2009)). "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (alteration in original) (quoting *Redman*, 25 Va. App. at 221). To apply the ends of justice exception, we must "determine 'whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" *Holman*, 77 Va. App. at 299 (quoting *Holt*, 66 Va. App. at 210).

Here, rather than highlighting affirmative evidence of his innocence, appellant's "ends of justice" argument focuses on attacking K.H.'s credibility. Appellant notes that K.H. had been drinking, was prone to exaggeration, and has multiple felony convictions and a history of making sexual assault allegations. Appellant argues that, even though K.H. claimed to have defecated during the struggle, neither Dickey nor the police reported seeing or smelling fecal matter. He offers no exculpatory explanation for the bruising and swelling on K.H.'s neck, but maintains that the injury to her labia could have resulted from the couple's prior consensual sexual activity.

Appellant's attack on K.H.'s credibility ignores the principle that "[d]etermining the credibility of witnesses . . . is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (second alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). As fact finder, the jury is "free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc). We accept "the [fact finder]'s determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006) (quoting *Walker v. Commonwealth*, 258 Va. 54, 71 (1999)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men

should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Although appellant contends that K.H.'s testimony was impeached, "the mere fact that a witness' testimony may have been impeached does not necessarily render the testimony inherently incredible." *Ray v. Commonwealth*, 74 Va. App. 291, 306 (2022). Indeed, "evidence with some element of untrustworthiness is customary grist for the jury mill." *Thomas v. Commonwealth*, 44 Va. App. 741, 754 (quoting *Curtis v. Commonwealth*, 11 Va. App. 28, 33 (1990)), *adopted upon reh'g en banc*, 45 Va. App. 811 (2005). "When 'credibility issues have been resolved by the jury in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

Here, the jury considered Taylor's testimony that K.H. had a poor reputation for honesty, as well as K.H.'s own testimony and other evidence that corroborated her story. Appellant himself admitted on the phone that he put his arm around K.H.'s neck during their struggle and put his finger in her "private area." Other witnesses testified that they observed K.H.'s injuries, and bloodstains related to those injuries, immediately after the incident and the following morning. The Commonwealth presented evidence of those witnesses' observations. Consistent with K.H.'s testimony that appellant choked her so forcefully that she could neither speak nor breathe, K.H. continued to have difficulty speaking in the days following the incident. A forensic nurse observed that K.H.'s labia majora were swollen, consistent with K.H.'s testimony that appellant's fingers penetrated her vagina. And although appellant seeks to undermine K.H.'s testimony that she defecated on herself by noting the lack of fecal matter at the scene, the absence of such matter is consistent with K.H.'s testimony that she cleaned herself off in the shower after the attack. The jury weighed all this evidence and resolved any credibility issues in

favor of the Commonwealth. Its finding is not plainly wrong, and we will not disturb that finding on appeal. The record does not demonstrate that K.H. was inherently incredible, and appellant has not introduced any affirmative evidence of his innocence. Thus, appellant has not met his burden of showing that a manifest injustice occurred, and the ends of justice exception to Rule 5A:18 does not apply.

Because appellant failed to make a motion to strike or to set aside the verdict with respect to the object sexual penetration and strangulation charges, his sufficiency challenge to those convictions was not preserved for appellate review. And because neither the good cause nor the ends of justice exceptions to Rule 5A:18 are applicable here, we will not consider the merits of appellant's sufficiency arguments.

### III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*