COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Lorish and White
Argued at Salem, Virginia

JASON MICHAEL BRYANT

MEMORANDUM OPINION* BY
v.      Record No. 1784-22-2      JUDGE DORIS HENDERSON CAUSEY
MAY 7, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ORANGE COUNTY
David B. Franzen, Judge

Thomas M. Wilson for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General; Rebecca M. Garcia, Assistant Attorney General,
on brief), for appellee.

The Circuit Court of Orange County convicted Jason Michael Bryant on four counts of rape

of a child under the age of thirteen, two counts of abduction with intent to defile, four counts of

aggravated sexual battery, four counts of contributing to the delinquency of a minor, and one count

of object sexual penetration. Bryant asserts that the circuit court erred in refusing to strike a juror

for cause. Because the record supports the circuit court's determination that the juror could serve as

an impartial juror, we disagree with Bryant's assertion and affirm the circuit court below.

BACKGROUND[1]

On March 3, 2022, Jason Michael Bryant appeared before the circuit court and requested a

jury trial. The venire was sworn, and the circuit court informed the jury panel of Bryant's charges.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "Under well settled principles of appellate review, we consider the evidence presented
at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit
court." *Porter v. Commonwealth*, 276 Va. 203, 215-16 (2008).

The circuit court instructed all prospective jurors to be truthful in their answers to questions posed by counsel or the court, in accordance with their oaths. During group voir dire, when the circuit court asked whether anyone had "expressed or formed any opinion as to the guilt or innocence of the defendant," Juror T.M. responded affirmatively. Even so, all the jurors, including T.M., indicated that they did not have any bias or prejudice for or against either party and they did not acquire any information about the case from the news media or other sources. All jurors indicated that they understood that Bryant was presumed innocent and that the Commonwealth had to prove Bryant was guilty beyond a reasonable doubt. When asked whether there was "any reason whatsoever" that the prospective jurors could not "give a fair and impartial trial to both the Commonwealth and Bryant based solely on the evidence," all jurors indicated there was none.

Continuing with group voir dire, the Commonwealth explained that the charges were sexual in nature and involved a child who was 11 years old at the time of the offenses. When defense counsel asked the venire whether anyone was "so uncomfortable" hearing a case involving an alleged rape that he did not want to sit on the jury, T.M. indicated affirmatively. On individual voir dire, the Commonwealth asked T.M. to explain what he meant when he said that he had formed an opinion about the case. T.M. responded:

> Just based off of what you guys have said and the charges that you guys read and stuff. It was---it bothers me, and it sits wrong with me. I have a two-year-old daughter, so it kind of puts me like in those shoes and perspective as if that was my kid. So, that's just where I come from. I also have a daughter that's due in seven days, so that's not something that I want my kids to go through.

When defense counsel inquired if T.M. was assuming Bryant was guilty based on "the volume and the nature of the charges," T.M. responded,

> I'm not necessarily assuming that he's guilty. I just don't really want to be a part of it, and I don't necessarily agree with what was read. I

can't tell you if he's guilty or not without hearing it, but just all of
what I'm saying and what I've heard, I don't want---.[2]

T.M. also explained that because his child was due in seven days, he might have to leave the proceedings if the birth occurred early.

The circuit court further questioned T.M. and the following exchange took place:

THE COURT: [S]o I understand clearly, it doesn't have anything to do with anything other than the nature of the offenses and the number of offenses, is that right?

T.M.: Yeah, it's---

THE COURT: That causes you concern.

T.M.: It---well, it bothers---I don't know if I could like give you my best opinion because of what you guys said already without hearing anything just because of the fact of I have daughters and it just, you know, sets wrong with me.

T.M. explained that he was unsure if he could "sit through the pictures and stuff . . . [p]hysically because it's just something" he was not comfortable seeing. When the circuit court inquired if T.M. had already decided Bryant was guilty, T.M. responded, "I probably shouldn't have raised my hand for that one then. I'm not really making a decision off of it. I just don't feel comfortable with it. You know, what---it would bother me." Yet T.M. stated that besides his discomfort with the nature of the charges, nothing would prevent him from being impartial.

Bryant moved to strike T.M. for cause, both because his child was due in seven days and because he was "not comfortable with this type of case." Bryant argued that T.M. was "biased against that type of charge" and would not look at the evidence in the case fairly. The Commonwealth responded that although it disagreed with Bryant's conclusion, it "would not want to endanger the defendant's right to a fair trial by having [T.M.] on a jury."

---

[2] It appears from the record that defense counsel interrupted T.M.'s answer and moved to another question.

The circuit court ruled that it was not at all "unusual for any prospective juror to say that they were uncomfortable with charges including aggravated sexual battery of a child under the age of thirteen or sexual intercourse with a child under the age of thirteen." The circuit court found,

> I think he was frank and sincere in saying he was uncomfortable, but I don't think that that lack of comfort extended to his inability to render a fair and impartial verdict in this case. He formed no opinion with regard to Mr. Bryant directly, and he indicated that he understood earlier that he understands that the presumption of innocence . . . rests with the defendant.

The circuit court also considered the fact that an alternate juror would be seated to accommodate T.M.'s possible absence were his child to be born early, before denying Bryant's motion to strike T.M. for cause. T.M. was seated on the jury. Bryant appeals.

ANALYSIS

Bryant asserts that the circuit court erred in refusing to strike T.M. for cause (1) because the voir dire proved T.M. was "not impartial and was not rehabilitated," and (2) because his presence on the jury undermined "the public's confidence in the judicial system." Finding that the first assertion is without merit and the second is procedurally defaulted, we affirm the circuit court's ruling.

"The right to be tried by an impartial jury is guaranteed under both the United States and Virginia Constitutions." *Taylor v. Commonwealth*, 61 Va. App. 13, 22 (2012). Thus, "[e]very prospective juror must stand indifferent to the cause, 'and any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.'" *Id.* at 23 (quoting *Breeden v. Commonwealth*, 217 Va. 297, 298 (1976)); *see also* Code § 8.01-358. "If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion." *Id.* (quoting *Breeden*, 217 Va. at 298). We apply these principles "strictly," "and when a prospective juror equivocates about whether he or she has formed a fixed opinion, the prospective juror should be stricken by the trial court." *Id.* "The opinion entertained by a juror, which disqualifies him, is an opinion of that *fixed character* which repels the presumption of innocence in

- 4 -

a criminal case, and in whose mind the accused stands condemned already." *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 61 (2011). "Thus, 'the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial.'" *Id.* (quoting *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000)).

That said, "[t]he circuit court is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." *Green v. Commonwealth*, 262 Va. 105, 115 (2001). "[T]he trial court must weigh the meaning of the answers given in light of the phrasing of the questions posed, the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." *Taylor v. Commonwealth*, 67 Va. App. 448, 455 (2017) (alteration in original) (quoting *Smith v. Commonwealth*, 219 Va. 455, 464-65 (1978)).

> [B]ecause the trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will be not disturbed on appeal, unless manifest error appears in the record.

*Jackson v. Commonwealth*, 267 Va. 178, 191 (2004) (quoting *Pope v. Commonwealth*, 234 Va. 114, 123-24 (1987)). "A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion." *Taylor*, 67 Va. App. at 456. In conducting our review on appeal, "we consider the juror's entire *voir dire*, not merely isolated statements." *Taylor*, 61 Va. App. at 24.

In this case, the record supports the circuit court's conclusion that T.M. did not hold preconceived opinions or fixed biases against either party that he could not, or would not, lay aside. Considering the entire voir dire, T.M. conveyed that he could be fair and impartial, that he was

unaware of any bias or prejudices he may have, that he understood Bryant was presumed innocent, that he did not acquire pretrial information concerning the case, and that he knew of no personal, religious, or moral reasons that prevented him from serving on the jury. Although T.M. raised his hand affirmatively when the Commonwealth asked if anyone had formed an opinion as to Bryant's guilt or innocence, upon further inquiry he merely indicated that the nature and number of the charges made him feel "uncomfortable," that they "bothered" him, and that he did not want to view photographs. Other than those concerns, T.M affirmed that nothing would prevent his ability to be impartial, and nothing in T.M.'s responses indicated that he believed Bryant was guilty of the charges merely because he had been charged. In fact, T.M. expressly stated he was "not necessarily assuming" Bryant was guilty and explained, "I can't tell you if he's guilty or not *without hearing it*." He reiterated that, rather than rendering a decision on the merits of the case, he simply did not feel comfortable with the nature of the charges.

The circuit court found that it is not unusual for prospective jurors to say they were uncomfortable with charges involving sex offenses against minors and concluded that T.M.'s "lack of comfort" did not amount to an "inability to render a fair and impartial verdict in this case." We find no error in these rulings. "Juror impartiality is a question of fact, and a trial court's decision to seat a juror is entitled to great deference on appeal." *Lovos-Rivos*, 58 Va. App. at 61 (internal citations omitted). Accordingly, we will not disturb the decision to retain or exclude a prospective juror "unless there has been manifest error amounting to an abuse of discretion." *Id.* (quoting *Barrett v. Commonwealth*, 262 Va. 823, 826 (2001)). We affirm the court's assessment of T.M.'s "'competency to serve impartially' because this finding was not plainly wrong or without evidence to support it." *Keepers v. Commonwealth*, 72 Va. App. 17, 44 (2020) (quoting *Garcia v. Commonwealth*, 60 Va. App. 262, 270 (2012)).

We do not reach Bryant's second assertion that T.M.'s presence on the jury undermined the public's confidence in the integrity of the criminal process, because that argument is waived. Although the Commonwealth did not object to Bryant's motion to strike T.M. for cause and stated, instead, that it did not want to endanger Bryant's right to a fair trial, the Commonwealth doubted that T.M. was biased. Despite the Commonwealth's failure to object to Bryant's motion, Bryant never asserted that T.M.'s service on the jury would undermine the public trust. His sole objection was that T.M. was biased against the nature of the charges and that T.M. would not look seriously at the evidence in the case. It is well-settled that Rule 5A:18 requires that an objection be "stated with reasonable certainty at the time of the ruling" to preserve an issue for appellate review.

Nevertheless, Bryant relies on *Patterson v. Commonwealth*, 39 Va. App. 658 (2003), for the proposition that the issue need not be raised in the circuit court to preserve it for appeal. However, *Patterson* was later overruled for that legal premise. *See Vay v. Commonwealth*, 67 Va. App. 236, 261 n.11 (2017) ("Accordingly, our statement in *Patterson*, that Rule 5A:18 does not preclude a party from raising a 'public confidence' challenge to a trial court's refusal to strike a juror for cause for the first time on appeal, is not a correct statement of the law, and therefore, we will not consider appellant's 'public confidence' argument."). In fact, subsequent to this Court's decision in *Patterson*, the Virginia Supreme Court held that "[p]ublic confidence in the integrity of the judicial system, as a ground for excluding a juror for cause, must be raised in the trial court or that issue is waived." *Townsend v. Commonwealth*, 270 Va. 325, 333 (2005). Bryant did not make this assertion in the circuit court. Therefore, we will not consider whether T.M.'s presence on the jury violated the public trust on appeal.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*