UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued at Lexington, Virginia


ROLAND KENNETH MOYERS, JR.

                                               MEMORANDUM OPINION* BY
v.        Record No. 1286-23-3                 JUDGE GLEN A. HUFF
                                               OCTOBER 8, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Andrew S. Baugher, Judge

(David R. Martin; Law Office of David R. Martin, PLLC, on brief),
for appellant. Appellant submitting on brief.

Allison Mentch, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial in the Circuit Court of Rockingham County (the "trial court"),

Roland Moyers (the "appellant") was convicted of one count of possession of child pornography

and nine counts of possession of child pornography subsequent offense. On appeal, he contends

the trial court erred in failing to strike Jurors #1, #2, and #8 for cause. Because the trial court

erred in refusing to strike Juror #2 for cause, appellant's convictions are reversed and this matter

is remanded for a new trial if the Commonwealth be so inclined.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "[J]udicial restraint dictates that [appellate courts] decide cases on the best and
narrowest grounds available." *Riddick v. Commonwealth*, 72 Va. App. 132, 146 n.7 (2020)
(quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). Because this Court resolves this
appeal on the ground that Juror #2 should have been stricken for cause, this Court does not reach
the arguments as to the other jurors, the assignments of error concerning the admission of a
hearsay document under the business records exception, nor the sufficiency of the evidence to
support Indictments 1 and 2.

BACKGROUND[2]

In August 2021, in response to a cyber tip regarding potential child pornography, detectives from the Harrisonburg Police Department executed a search warrant on appellant's home. Several electronic devices, including his computer, were seized, and a digital forensic investigation recovered multiple images purported to be child pornography.

A grand jury indicted appellant for possession of child pornography in violation of Code § 18.2-374.1:1(A) and returned 19 indictments against him for second or subsequent possession of child pornography in violation of Code § 18.2-374.1:1(B).[3]

*Voir Dire*

During voir dire, the trial court informed the potential jurors of the charges against appellant, that he was presumed innocent, was not required to present any evidence, and that the Commonwealth bore the burden to prove its case beyond a reasonable doubt. The trial court then asked if any potential jurors had formed any opinions as to appellant's guilt or innocence, were aware of any bias or prejudices they had against appellant, and if there was any reason the potential jurors could not give appellant a fair trial based solely on the law and the evidence. None of the potential jurors answered these questions in the affirmative. Finally, before allowing counsel for each side to examine the jury pool, the trial court asked if there was "any reason whatsoever why [the potential jurors] [could] [ ]not give a fair and impartial trial to both the

---

[2] This Court recounts the facts "in 'the light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, this Court discards any evidence presented by appellant that conflicts with the Commonwealth's evidence and "regard[s] as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] The trial court later granted the Commonwealth's nolle prosequi motions as to two of the second or subsequent offense indictments.

Commonwealth and to the accused based solely on the law and the evidence [they] hear in this case?" All potential jurors indicated in the negative. During the Commonwealth's examination of the jury pool, it asked "[i]s there any member of the panel who feels like they wouldn't be able to set their personal feelings aside and judge the case just based on the instructions given by the Court?" All potential jurors indicated in the negative.

During appellant's jury examination, his attorney informed the potential jurors that "the testimony and the videos [they] are going to see . . . are going to be explicit, sexual type pictures" before asking if anyone "would be so concerned with the explicit nature of the evidence that [they] couldn't provide the parties, the defendant with a fair trial?" Appellant's counsel identified Juror #2 as hesitating and had the following exchange:

> [Appellant's Counsel]: I see #2, you're hesitating?
>
> JUROR #2: Yes, I do, [b]ecause I have feelings about children because I was an elementary teacher and a principal, [a]nd as such that bothers me.
>
> [Appellant's Counsel]: Absolutely. And that's why it's against the law. But would, would it bother you so much to hear just the allegations or the evidence that would[] taint your ability to give this man who's, who's not guilty, who pleaded not guilty and stands not guilty before you. Are you concerned that your background and your feelings in that area could possibly taint your, your fairness?
>
> JUROR #2: That's a question I'm not sure I can answer.

Appellant moved on to examine other jurors, but later asked Juror #2: "is that a, a closely held personal belief that you have a concern could affect your ability to provide [appellant], the defendant, a fair trial in this particular setting with these particular charges?" Juror #2 answered, "I'm going to have to say yes."

When appellant's counsel finished examining the jury pool, he moved to strike several jurors, including Juror #2, because they "expressed [a] closely held personal belief that the subject matter, the anticipated types of evidence would be so overwhelming to their personal beliefs and/or ability to sit in fair judgment of this defendant." In denying the motion to strike Juror #2, the trial court stated that while "[h]e did say he was a former teacher so obviously the nature of the offense bothers him[,] . . . he couldn't say whether he would be tainted or not." The jury was selected, and this matter proceeded to trial.

*Trial and Conviction*

Both the Commonwealth and appellant presented evidence to the jury. At the close of the Commonwealth's evidence, the trial court granted appellant's motion to strike eight of the indictments. Thus, only ten indictments were submitted to the jury for deliberation. Following deliberations, the jury convicted appellant of all the 10 indictments and the trial court sentenced him to 14 years' incarceration, with 10 years suspended, and 2 years of supervised probation. Appellant moved to set aside the jury verdict, arguing in part that the trial court failed to exclude several potential jurors during voir dire. The trial court denied this motion.

This appeal followed.

ANALYSIS

<u>The trial court erred in refusing to strike Juror #2 for cause when he indicated he could not be fair and impartial in this proceeding.</u>

Appellant first assigns error to the trial court's refusal to strike Juror #2 for cause.[4] The right to an impartial jury is protected by the United States and Virginia Constitutions and by statute. U.S. Const. amend VI; Va. Const. art. I, § 8; Code §§ 8.01-357, -358. Therefore, "[t]he

---

[4] Appellant also assigns error to the trial court's failure to strike Jurors #1 and #8. Because this Court reverses as to Juror #2, it does not reach the arguments as to Jurors #1 and #8.

court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein." Code § 8.01-358; *see* Rule 3A:14. If after questioning it appears to the trial court a juror "has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law." *Keepers v. Commonwealth*, 72 Va. App. 17, 42 (2020) (quoting *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 60-61 (2011)). Because the trial court is "able to see and hear each member of the venire respond to questions posed" during voir dire, it "is in a superior position to determine whether a prospective juror's responses during voir dire indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005) (quoting *Green v. Commonwealth*, 262 Va. 105, 115 (2001)). "Juror impartiality is a question of fact, and a trial court's decision to seat a juror is entitled to great deference on appeal." *Huguely v. Commonwealth*, 63 Va. App. 92, 121 (2014) (quoting *Lovos-Rivas*, 58 Va. App. at 61). Accordingly, the decision to retain or exclude a prospective juror "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." *Barrett v. Commonwealth*, 262 Va. 823, 826 (2001). "[W]hen reviewing a court's determination whether to excuse a juror for cause, we consider the juror's *voir dire* in its entirety." *Keepers*, 72 Va. App. at 45.

In response to the trial court's questions, Juror #2 indicated that he had not formed any opinions as to appellant's guilt or innocence, was unaware of any bias or prejudices he had against appellant, and could not identify any reason he could not give appellant a fair trial based solely on the law and the evidence. In response to the Commonwealth's examination, Juror #2 indicated he was able to set his personal feelings aside and judge the case based on the trial court's instructions only. Notwithstanding these earlier answers, when asked by defense counsel

if the explicit nature of the evidence would prevent any jurors from providing appellant a fair trial, Juror #2 hesitated to answer because of his prior employment as an elementary school teacher and principal. When asked if his "background and . . . feelings" would taint his fairness, Juror #2 was unable to answer. Ultimately, when pressed if his hesitation and causes for concern were "a closely held personal belief that . . . could affect [his] ability to provide [appellant] . . . a fair trial in this particular setting with these particular charges," Juror #2 answered, "I'm going to have to say yes." At no point following this exchange was Juror #2 asked again if he could be fair and impartial in this matter, nor were any other rehabilitative questions asked.

When viewed as a whole, Juror #2 may have generally indicated that he could remain fair and impartial, but when asked specifically about the explicit nature of these charged offenses he unequivocally answered that his fixed personal beliefs would affect his ability to provide appellant a fair trial. Because of this unequivocal answer, the trial court's refusal to strike Juror #2 constitutes a manifest error and this Court must therefore reverse appellant's convictions.

CONCLUSION

For the foregoing reasons, this Court holds that the trial court erred in denying the motion to strike Juror #2 for cause. Accordingly, appellant's convictions are reversed and this matter is remanded for a new trial, should the Commonwealth be so advised.

*Reversed and remanded.*