COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges AtLee, Lorish and Frucci

QUANTE ANTHONY JERREN CARR, SOMETIMES KNOWN AS
 QUANTE ANTHONY JARREN CARR

MEMORANDUM OPINION*
v.        Record No. 0345-24-1                          PER CURIAM
AUGUST 5, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Matthew W. Hoffman, Judge

(Nicholas J. Medved, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Ryan Beehler, Assistant
Attorney General, on brief), for appellee.


Following a jury trial, the circuit court convicted Quante Anthony Jarren Carr of possessing

a firearm after having been convicted of a violent felony and concealing a weapon on his person.

Carr argues that the circuit court erred by denying his motion to strike a juror for cause.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

In April 2022, Officer Sadler of the Newport News Police Department responded to a

trespass call involving Carr.  At the scene, Carr had a backpack that he gave to Officer Saddler.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (citing *Gerald*, 295 Va. at 473).

When Officer Saddler opened the backpack, he found a semi-automatic firearm inside. After Officer Saddler informed Carr that he was being detained, Carr "began [to] wal[k] away" from the officer. As the officer followed, Carr proceeded to run. After several minutes, Carr was detained and told Officer Saddler that Carr was "a convicted felon." Officer Saddler then transported Carr to the hospital, where Carr was read his *Miranda*[2] warnings and then told Officer Saddler that "he knew he had" the firearm.[3] Carr was previously convicted of taking indecent liberties with a minor and failing to register as a violent sex offender, second or subsequent offense.

At trial, Venireman 19[4] was one of the prospective jurors on the initial venire. During voir dire, the venire indicated that they had not "expressed or formed any opinion about the guilt or innocence of" Carr. When Carr later asked if any of the prospective jurors had any close family members who work in law enforcement, Venireman 19 stated that her son was a Newport News police officer.[5] Carr asked if she felt that she was "generally more positively inclined towards the Newport News police now that [she has] . . . me[t] some of them and spen[t] time with some of them." She responded "[n]o." He further asked if she was sure her past experiences had not changed her mind to the positive. She said: "I don't think so. I think I would be -- it wouldn't matter to me if they're a Newport News officer or officers anywhere else. I don't have any particular, you know -- I wouldn't think that they're more, you know, better than anyone else." Carr then asked if she would feel "differently about police in general, not just Newport News, versus an

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] At trial, Officer Saddler could not recall why Carr needed to be transported to the hospital, but Officer Saddler testified that he transported Carr there, rather than an ambulance, and that he did not recall seeing any blood or major injuries on Carr.

[4] We use numbers, rather than names, to protect the privacy of the prospective juror.

[5] Previously, the venire indicated that they did not know the officers involved in Carr's case.

average person." Venireman 19 then said that she thought she could still be impartial and that she doesn't "believe just because he's a police officer that he would be right." She agreed that she would hope that an officer would do the right thing though. Carr asked if, "with [her] son being an officer," she ever thought about her son encountering someone possessing a firearm. She agreed that she thinks about it sometimes. While she hoped that she would not think about her son, she also agreed that "would be hard to do." Afterwards, she was asked if she would be "able to fairly and impartially judge this case based solely on the law and the evidence."[6] She said that she "would just listen to the evidence and judge based off the evidence." Following, along with all the other veniremen, she said that she did not think a police officer is more likely to tell the truth than a regular citizen or that something is more trustworthy because a police officer says it.

At the end of voir dire, Carr moved to strike Venireman 19 for cause. The circuit court denied the motion. Carr ultimately used a peremptory strike to remove Venireman 19 from the jury. Following the jury trial, Carr was convicted of possessing a firearm after having been convicted of a violent felony and concealing a weapon on his person. This appeal follows.

ANALYSIS

Carr argues that the circuit court erred in denying his motion to strike Venireman 19 for cause. "It is the duty of the [circuit] court, through the legal machinery provided for that purpose, to procure an impartial jury to try every case." *Salina v. Commonwealth*, 217 Va. 92, 93 (1976) (citing *Slade v. Commonwealth*, 155 Va. 1099, 1106 (1931)). Therefore, "[t]he court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein." Code § 8.01-358; *see* Rule 3A:14. If after questioning it appears to the circuit court "that the juror does not stand indifferent in the cause, another shall be drawn or

---

[6] This question was asked by the circuit court. Carr did not object or argue at trial that it was inappropriate of the circuit court to do so.

- 3 -

called and placed in his stead for the trial of that case." Code § 8.01-358. "If a prospective juror 'does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law.'" *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 60-61 (2011) (quoting *Spangler v. Ashwell*, 116 Va. 992, 996-97 (1914)).

"It is not uncommon to discover during *voir dire* that prospective jurors have preconceived notions, opinions, or misconceptions about the criminal justice system, criminal trials and procedure, or about the particular case." *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000). "The opinion entertained by a juror, which disqualifies him, is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Justus v. Commonwealth*, 220 Va. 971, 976 (1980) (quoting *Slade*, 155 Va. at 1106). As such, "the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." *Cressell*, 32 Va. App. at 761. As the circuit court is "able to see and hear each member of the venire respond to questions posed" during voir dire, it "is in a superior position to determine whether a prospective juror's responses during voir dire indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005) (quoting *Green v. Commonwealth*, 262 Va. 105, 115 (2001)). Therefore, "a [circuit] court's denial of a motion to strike a juror for cause will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." *Id.* at 329-30 (internal quotation marks and citation omitted).

In determining whether the circuit court should have excluded Venireman 19, this Court must consider the "entire voir dire, not just isolated portions." *Juniper v. Commonwealth*, 271

Va. 362, 401 (2006). The record does not establish that Venireman 19 held firm opinions of such "fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Justus*, 220 Va. at 976. Considering the entire voir dire, Venireman 19 indicated that she had not expressed or formed any opinion about the guilt or innocence of Carr, that she could be fair and impartial despite her son's employment in law enforcement, and that she would not judge Carr on anything other than the evidence. As such, it cannot be said that the circuit court abused its discretion in denying the motion to strike for cause.[7]

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[7] On appeal, Carr argues for the first time that the circuit court inappropriately rehabilitated Venireman 19. As the record does not reveal any objection on this point at trial, "the issue is not properly before us." *Garcia v. Commonwealth*, 60 Va. App. 262, 271 (2012); *see* Rule 5A:18; *Bell v. Commonwealth*, 264 Va. 172, 196 (2002) (finding that failure to object to the circuit court's use of leading questions to rehabilitate a juror waived the issue).